## S. H. DARDEN v. M. E. MATHEWS AND OTHERS.

The object of a verdict, is, to ascertain how far the facts, put in issue by the pleadings, are established by the evidence; and it must either affirm or negative such of the disputed facts, as will, in connection with those admitted, (if any,) support a legal judgment.

A special verdict reiterates all the facts alleged, which, in the judgment of the jury, are sustained by the proofs. A general verdict, is a finding by the jury, in the terms of the issue or issues submitted to them, wholly or in part for the plaintiff or defendant, and in its most general form, is—" we the jury find for the plaintiff;" that is, they find the material facts in dispute, as presented in the pleadings, in favor of the plaintiff.

Darden v. Mathews.

In an action on a note, as the amount promised, time of payment, &c., must be specifically set forth; and as interest, whether stipulated in the note or not, follows as a legal consequence; such a verdict would be sufficient, unless, from the pleadings and facts, a different amount than that stated in the note, ought to have been recovered.

But in actions sounding in damages, or where they may be recovered incidentally; and where dates, amounts, and the like, need not be stated accurately, or proved as stated; there should, with a general finding for the plaintiff, be also a special finding of the amount. So too, where payments, off-sets, or other matters, are pleaded and established, which reduce the amount recovered below that claimed, the amount of the reduction should, in some way, be indicated by a special finding.

The day upon which the verdict is returned, being a matter of record, and legal interest being defined by the statute, when the jury say, "we the jury find "for the plaintiff, a judgment for the amount due on said note, with legal "interest, less the sum of fifty-one dollars, and interest on the same, from "January, 1856," the verdict is sufficiently certain: any uncertainty as to time, "from January, 1856," is, by legal construction, to be interpreted most strongly against the party claiming under the judgment; and that portion of the special finding, to wit, "the amount due on said note, with legal interest," does not qualify or contradict the general finding for the plaintiff, but simply amplifies what would have been more succinctly expressed by it.

ERROR from Gonzales. Tried below before the Hon. Fielding Jones.

This action was brought by the appellees, against appellant, upon a promissory note for $609 22, dated 24th October, 1853, on which there was a credit, as acknowledged in the petition, of $200, dated April, 1855. The defendant pleaded a general denial; general payment of the whole note; and specially, in three several amended pleas, one payment of $20, one of $40, and another of $60. The jury returned a verdict in favor of the plaintiff, in these words: "we the jury find for "the plaintiff, judgment for the amount due on said note, with "legal interest on the same, less the sum of fifty-one dollars, "and interest on the same, from January, 1856." Upon this verdict the court rendered a judgment for $503 34; from which defendant below sued out his writ of error.

*Fly*, for plaintiff in error. This case was determined by the
21

jury, and their verdict was for the plaintiff, the amount due, less credits, &c. (See Transcript, pages 5 and 6. Bouv. Inst. vol. 3, 500, and cases there cited; Stearns v. Barrett, 1 Mas. Rep. 153.)

The amount due, is a very uncertain expression; and the court could not determine, for itself, what amount was due, when that was the very point at issue, and the point the jury were called to decide. The defendant below was ready and willing to pay the amount due; but the parties differed as to what amount was due, and called in the jury to determine that fact. They do not find the amount of the note, less any certain sum, nor the amount claimed in the petition. Plaintiff says one amount is due; defendant says another amount is due. The jury find for plaintiff the amount due, less a certain sum, and the court determines what that amount is; a question of fact, which could be decided by the jury alone. (Mays v. Lewis, 4 Tex. Rep. 38.)

What data has the court, from which to render the verdict certain? If it look to the note, that calls for a certain amount; but the petition admits that some credits are to be allowed, while the defendant claims various other credits. So, it will be perceived, the only matter of difference between the parties, was, as to what amount defendant was indebted to the plaintiff. This question was not determined by the jury.

The jury, then, did not decide the matter at issue between the parties; and if not, there was no such verdict as would sustain the judgment of the court below. If all the credits claimed by the defendant below, are allowed, he is indebted to plaintiff in a much less sum than the amount of the judgment. Were they allowed, or not? The jury did not determine, nor could the court: Stearns v. Barrett, 1 Mas. Rep. 153; Richards v. Tabb, 4 Call's Rep. 522; Deihl v. Peters, 1 Serg. & R. Rep. 367, cited by Bouvier, will apply to the want of certainty in this verdict.

The other cases apply to the failure of the verdict to respond to the issues.

*Harwood,* for defendant in error. It is said, the verdict is defective, for want of certainty. There is but one note mentioned in any of the pleadings, and the word "said" must refer to it; it cannot be *presumed* to refer to any other than the one mentioned in the pleadings. "A verdict is sufficiently certain, if it can be rendered certain by reference to the record." (Smith v. Johnson, 8 Tex. Rep. 418.) If the verdict had read, "said note adduced," then we can very well see that it would have been defective for want of certainty; for the one "adduced," may not be the one sued on. But to infer that the words, "said note," referred to the note introduced in evidence, and not the one described in the pleadings, we think, would be giving the verdict an illiberal construction, and be a violation of the rule adopted by all courts. (Burton v. Bondies, 2 Tex. Rep. 203; Miller v. Shackleford, 4 Dana's Rep. 264.) In this case, it is said, "the verdict of the jury should be con-"strued liberally, not technically, and so that it may rather "stand than fall."

"A verdict is not too vague, when it responds to the issue." This is the universal rule. Does the verdict, in this case, respond to the issue submitted to them? We think no other construction can be put upon it, and that it must refer to *the* note set out in the petition. (Kesler v. Zimmerschitte, 1 Tex. Rep. 50; See U. S. Dig. vol. 4, 1850, p. 427.)

The credits in the verdict, are not certain as to the day of the month, and the one on the note is liable to the same objection, and hence we cannot calculate the interest with certainty; but give the defendant the benefit of interest, for the whole of the month of January, 1856, upon the credit of $51; and also for the whole of the month of April, on the credit of $200; and still we think, upon calculation, it will be found that the verdict is too small by $13 88.

ROBERTS, J. The question in this case is, whether or not, the following verdict is sufficiently certain, to support a judgment rendered on it, it being found by the jury, in a suit upon

a note, with a credit endorsed on it, and the payment of another amount being pleaded: "We the jury find for the plaintiff, a "judgment for the amount due on said note, with legal interest, "less the sum of fifty-one dollars, and interest on the same, "from January, 1856."

The day upon which the verdict was returned, being a matter of record, and *legal* interest having been defined by statute, and any uncertainty as to time, as "from January, 1856," being by legal construction interpreted most strongly against the party claiming under the verdict, the ascertainment of the amount intended to be found by the jury, is a mere arithmetical calculation; and can thereby be rendered certain, if the words "the amount due on said note," can be properly held to have reference to the note set out in the petition. The solution of this question involves a consideration of the nature and object of a verdict, and the rules of construction that are to be applied to it.

The object of a verdict, is to announce to the court, the judgment of the jury, as to how far the facts, established by the evidence, conform to those which are alleged and put in issue in the pleadings. As the facts, thus declared, constitute the basis of a judgment, (which is but the legal consequence of the facts thus found,) it follows that the verdict must either affirm or negative such of the disputed facts as will, in connection with those admitted, if any, support a legal judgment. A special verdict, reiterates the facts alleged, of which the jury have had proof, in such manner as to indicate their judgment upon them. A general verdict, is defined to be, "a finding by "the jury, in the terms of the issue or issues submitted to them; "and it is wholly, or in part, for the plaintiff, or defendant." (2 Tidd's Pr. 869.) In its most general form, it is, "we the jury find for the plaintiff." That is, they find the issue, the material facts in dispute as presented in the pleadings, in favor of the plaintiff. It is only by understanding this general expression, in connection with and as a response to the issue, as formed by the pleadings, that it can be held to amount to any

declaration of facts. The jury, therefore, must be presumed to have expressed their finding with reference to the facts in the pleadings, unless they also state something which shows that such was not their intention. As, for instance, where the jury found for the plaintiff, "the amount of the note adduced," it was held, that the verdict was bad; because, by the word "adduced," they plainly showed that they had reference, not to the facts alleged, but to the facts in evidence. (Smith v. Johnson, 8 Tex. Rep. 418.)

There is no such expression, in this case, to prevent the usual presumption from being indulged. This general verdict, "we the jury find for the plaintiff," will often be sufficient. In such cases, its import would be, that all the material facts alleged by the plaintiff, that were put in issue, are established. It is difficult to see, on principle, why this general verdict would not be all that was necessary, in an action upon a note, where the general issue alone was pleaded, or where there were no payments, off-sets, or other facts established, changing the amount to be recovered, and making it different from that claimed in the petition. All the facts, as to the amount promised, time of payment, &c., must be specifically set forth, just as they are in the note; and interest, whether stipulated in the note or not, follows as a legal consequence. (Hart. Dig. Art. 1606–7–8.)

In the English courts, a different practice has prevailed, which renders it necessary for the jury to find interest; because they treated interest, not as a legal consequence, but as damages, to be allowed or not, according to the discretion of the jury. (2 Tidd's Pr. 873.) In actions sounding in damages; and in actions where damages may be recovered incidentally; and in all actions, of whatever character, where dates, amounts, and the like, are not usually intended or understood to be stated accurately, and need not be proved as stated; there should not only be the general finding for the plaintiff, but also a special finding as to the amount. So, too, as in this case, where payments, off-sets, or other matter is pleaded and

established, which reduces the amount of recovery below the amount claimed in the petition, the amount of the reduction should, in some way, be indicated by a special finding.

There is, then, in this verdict, a general finding: "we the jury find for the plaintiff." This, if standing alone, would entitle the plaintiff to a recovery, according to the facts stated in the petition, for the amount of the note, with interest, after deducting the credit on the note. There is, however, in connection with it, a special finding, which limits and qualifies the general finding, and shows the amount of its reduction, by saying, "less the sum of fifty-one dollars, and interest on the same, from January, 1856." The other portion of the special finding, to wit, (we the jury find for the plaintiff) "the amount due on said note, with legal interest," does not qualify or contradict the general finding, when considered in reference to the facts of the petition; but is simply an amplification of what would have been more succinctly expressed, by a general finding for the plaintiff.

This case will hardly have to invoke in its aid the rule so universally applied, that "the verdict of a jury should be construed liberally, not technically, and so that it may rather stand than fall." (Miller v. Shackleford, 4 Dana's Rep. 271.) It will suffice to apply to it the very common one, that "that shall be regarded as certain, which can be rendered so." It is the general practice, in our courts, for a verdict, even in suits on notes and other special contracts, to embrace a general finding, and an assessment of the exact amount, that may be due at the time of rendering the verdict. This is certainly the safest course, and ordinary prudence would dictate that it should be observed.

The verdict in this case, though not in the usual or most approved form, is sufficiently certain to sustain the judgment. Judgment affirmed.

Judgment affirmed.