The State v. Lewellyn.

25 797
84 385

THE STATE V. MARY LEWELLYN AND OTHERS.

A suit by a creditor to enforce the payment of a debt against the estate of a deceased person, upon which there has been no administration, cannot be maintained against the heirs unless it be averred and proved that estate has descended to the heir against whom the suit was instituted. If the petition does not make such averment, it is insufficient, and a demurrer to it will be sustained.
See the opinion in this case for the rule at common law, and as modified by statute of 3d and 4th Mary as to the measure of the liability of heirs, and the forms of procedure to determine the same.

APPEAL from Shelby. Tried below before Hon. A. W. O. Hicks.

*Attorney-General*, for the appellant.

*Robertson & Smith*, for the appellees.

BELL, J.—This suit was instituted by the State against Amon Lewellyn, and the sureties on his official bond, as assessor and collector of taxes for the county of Shelby. The petition alleged that Amon Lewellyn was indebted to the State in the sum of $132 59 for taxes collected by him and not paid over to the treasury of the State according to the obligation of his bond. Before the cause came on for trial Amon Lewellyn died. The district attorney filed an amended petition representing to the court the death of Lewellyn; that there was no administration on his

estate; and that his friends and relations were determined not to take out letters of administration on his estate. The amended petition prayed that the appellees, who are the widow and children of Amon Lewellyn, might be made parties to the suit.

The amended petition did not allege that Amon Lewellyn died possessed of any estate which had descended to the appellees. The appellees were made parties, and as some of them were minors, the court appointed a guardian *ad litem* to represent them. There was an answer filed for the original defendants to the suit, which was withdrawn. There was afterwards a general demurrer and special exceptions to the petition filed, which purported to be for the defendants generally, though probably intended only for the appellees. When the cause came on for trial, judgment was rendered by default [against] Turner and Cartwright, the sureties on Lewellyn's bond; and the judgment recites further that it appearing to the court that the heirs of Amon Lewellyn could not be made parties to the suit, it is therefore ordered that this cause be dismissed as to said heirs. One of the errors assigned by the district attorney is that the court, of its own motion, refused to give judgment against the widow and minor heirs of Lewellyn. We think the judgment of the court is properly to be understood as a judgment on the demurrer, so far as the appellees are concerned. The appellees had already been made parties to the suit, and the language used in entering the decree of the court can only mean that the demurrer was sustained to the petition so far as it sought to recover against the appellees. The sureties in the bond, Turner and Cartwright, do not complain of the judgment against them.

The question then, which is presented by the appeal, is, did the petition show a good cause of action against the surviving wife and children of the deceased, Amon Lewellyn? We think it did not, because there was no allegation that any estate descended from Amon Lewellyn to his surviving wife and children.

At common law the heir was only liable for the debts of the ancestor to the extent of the real assets which descended to the heir from the ancestor. In this State, as the whole estate of the ancestor, both real and personal, is liable for his debts, the same

may be subjected in the hands of the administrator, executor, or heir; but our statute concerning the estates of deceased persons provides that if the estate be in the hands of the distributees, no one shall be liable at the suit of the creditors of the testator, or intestate, beyond his just proportion, according to the estate he may have received in the distribution. This is an universally recognized principle, that the heir shall only be held liable for the debts of the ancestor to the extent of the estate which descends to him. If, therefore, nothing descends to the heir, he is to no extent liable.

At common law, even though estate had descended to the heir, if the heir had alienated it before suit against him, he was not liable for the ancestor's debt. This was changed by the statute of 3d and 4th William and Mary, and the heir was made liable for such estate as had descended, though the same had been alienated before suit brought.

When the suit was brought against the heir by the creditor of the ancestor, after the 3d and 4th of W. & M., and the heir pleaded *riens per descent*, and issue was joined on that plea, and judgment in favor of the plaintiff, the judgment ordered the execution to be levied of the estate descended. If, however, when the heir pleaded *riens per descent*, the plaintiff replied that estate had descended, and issue was joined on such replication, it was held to be implied that the estate descended had been alienated by the heir before suit brought; and if, upon such a state of pleading, the judgment was for the plaintiff, the execution against the heir was ordered to be levied *de bonis propriis*, because as it was constructively found by the verdict that the estate, which had descended to the heir, had been alienated before suit or plea, a judgment to be levied of the estate descended would be ineffectual. It has been held in Kentucky that where the heir pleaded *riens per descent*, and issue was joined on the plea, and the jury found that estate of the value of six hundred and forty-nine dollars had descended to the heir, the judgment could not be rendered for that sum to be levied of the estate of the heir, because it was said that the estate might not sell for as much as it was found to be worth by the jury, and, in such event, the heir would

still be liable for the balance of the judgment. It was held that the judgment must, in such case, be rendered to be levied of the estate described, so that the heir might have the privilege of surrendering the property descended in satisfaction of the execution. But if, after verdict, the heir alienated the property which had descended, then the creditor could proceed against him to recover its value. (See the case of Ready's heirs v. Stephenson, 7 J. J. Marshall, which will be found to be a very interesting case on this subject.) We conclude that it is an essential element of the plaintiff's case, where suit is against the heir for the debt of the ancestor, to show that estate had descended to the heir; and as such fact must be proved, it ought first to be alleged, and that without such allegation the petition does not show a cause of action against the heir.

Judgment affirmed.