Wm. Posey v. The State.

1—On an indictment for assault with intent to kill and murder, the jury found the accused "not guilty as charged, but guilty of an aggravated assault."   *Held*, that such a conviction is warranted by Art. 2160, Paschal's Digest.

2—It is not necessary that an indictment for an assault with intent to murder should charge that the assault was "feloniously" made.

Appeal from Limstone.   Tried below before the Hon. N. H. Davis.

The facts appear sufficiently in the opinion of the court.

*Farrar & Sorelle*, for the appellant, relying on Wharton's Criminal Law, book 1, section 399, insisted that the indictment was insufficient, because it did not charge that the assault was made " feloniously," and contended that nothing in our legislation had dispensed with the technical term, citing Code Criminal Procedure, Arts. 395 and 399.   They also argued that a conviction for a misdemeanor should not have

been allowed under this indictment for a felony, citing State v. Pierce, 26 Tex., 114.

No brief for the State.

LINDSAY, J.—This indictment charges the appellant with an assault with intent to kill and murder one James H. Moore. The verdict of the jury is, "not guilty as charged, but guilty of an aggravated assault." This finding was warranted by Art. 2160 of Paschal's Digest.

Under the Criminal Code it is not necessary to charge that the assault was feloniously made. It is sufficient if it be stated, in the language of the Code, that the "assault" was made "with intent to murder." If it be done with that intent, the punishment annexed by the statute fixes it as a felony, and no such verbiage as being "feloniously" done is required in the criminal pleading under the Code. The indictment being sufficient, and no error appearing in the rulings of the court, the judgment is affirmed.

Affirmed.