JAMES A. COUNTS V. THE STATE.

Theft, under our statute, includes all unlawful acquisition of personal property; and therefore, on the trial of an indictment for the theft of a cow under the 1st Section of the act of November 12th, 1866, it was competent to find the defendant guilty under the 3d Section of the same act, for willfully driving an animal not his own, and without the consent of the owner, out of its accustomed range. This latter offense is not only an acquisition, but an appropriation of the property, not clearly distinguishable from theft. (Acts of 1866, p. 187.)

APPEAL from Erath. Tried below before the Hon. J. P. Osterhout.

Defendant was indicted by the grand jury of Erath county for the theft of a cow, and on the trial in the court below, was convicted of driving cattle not his own, and without the consent of the owner, out of their accustomed range. Defendant moved in arrest of judgment, on the ground that the conviction was of a different offense than that mentioned in the indictment; and the motion being overruled, defendant appealed.

*Wm. Lowry* and *J. W. Cartwright*, for the appellant, insisted that the court below erred in overruling the motion in arrest of judgment, and cited De Gaultie v. The State, 31 Texas, 35, and The State v. Williams, 14 Texas, 127.

*Wm. Alexander, Attorney-General*, for the State.

OGDEN, J. The appellant was indicted for the theft of a cow, and was convicted of willfully driving live stock not his

38

own from its accustomed range, without the consent of the owner, and he has appealed, assigning as error in the judgment of the District Court, that he was indicted for one offense, and convicted of another. Article 3095, Paschal's Digest, provides that " when a prosecution is for an offense consisting of differ- " ent degrees, the jury may find the defendant not guilty of " the higher degree, but guilty of any degree inferior to that " charged in the indictment ; " and Article 3096, in defining what offenses include different degrees, names " Theft, which " includes all unlawful acquisition of personal property, pun- " ishable by the Penal Code."

Willfully driving an animal not one's own, and without the consent of the owner, from its accustomed range, in contemplation of law is not only an acquisition, but an appropriation of the property, and not very clearly distinguishable from the ordinary definition of theft.

The appellant was indicted under the first clause of the Act of November 12th, 1866, and was convicted under the third clause of the same act, and both clauses clearly indicate that the Legislature intended to provide for the punishment of different degrees or grades of the same offense, while the last clause or section of the act provides that it shall only be necessary for the State to prove certain facts, in order to authorize a conviction for any one of the offenses, or rather, any one of the degrees of the same offense mentioned in the act ; thereby shifting the burden of proof upon the defendant, to show any facts under which he can justify or mitigate the offense. It is therefore clear that the court did not err in instructing the jury that they might find the defendant guilty under either section of the statute, of that degree of the same offense which had been established by the evidence.

There is no error in the judgment, and it is affirmed.

Affirmed.