JOHN PATTERSON ET AL. *v.* W. P. ALLEN.

1. JURISDICTION OF DISTRICT COURT.—Where there is no administration on the estate of a deceased person, and but one debt against the estate, and the heirs of such deceased person, by an agreement amongst themselves, partition and distribute the estate without satisfying the debt, the party in whose favor such debt is due, and which is a lien upon land sold to the ancestor of such heirs, may sue for the debt and to foreclose the lien, making the heirs defendants, without administration on the estate of their ancestor.
2. VERDICT.—The verdict of a jury should be construed liberally, and so that it may rather stand than fall.
3. VERDICT HELD SUFFICIENT.—In response to issues, whether an indebtedness existed and whether it was secured by a vendor's lien, a jury returned a verdict : "We, the jury, find that the plaintiffs shall recover from defendants the sum of five hundred and fifty-two dollars. * * * We also find that the entire tract of land sold * * * be and is hereby subject to the payment of this debt:" *Held*, That such verdict was sufficient.

ERROR from Anderson. Tried below before the Hon. R. S. Walker.

The facts are sufficiently set out in the opinion.

*T. J. Williams,* for plaintiffs in error.—The District Court had no jurisdiction of the subject-matter. The pleadings of plaintiff below show that the debt sued for was a claim against the estate of a deceased person; that the time for administration had not elapsed when this suit was brought; and no legal reason is shown why plaintiff was prevented, without fault on her part, from seeking administration according to law. (See Probate Laws of 1848, of 1870, and of 1876; Cunningham *v.* Taylor, 20 Tex., 126; Ansley *v.* Baker, 14 Tex., 607; Green *v.* Rugely, 23 Tex., 539; Alexander *v.* Barfield, 6 Tex., 400; 20 Tex., 405; 22 Tex., 14; 28 Tex., 776.)

The third and fourth errors assigned are, that the verdict of the jury is not responsive to the issues submitted by the court, and does not support the judgment.

The court, after instructing the jury, in case they should find for the plaintiff, to "specify the amount of money so found," further instructed them: "And also find, if you so believe, that the purchase of the land described in plaintiff's petition was the consideration of the obligation sued on, and that it is subject to the vendor's lien and the payment of said debt."

The verdict is against the defendants *in personam,* and fails to fix the vendor's lien upon the land.

*J. J. Wood* and *R. A. Reeves,* for defendant in error, cited Paschal's Dig., art. 5505, 5506; Const. 1870, art. 5, secs. 2, 7, 9; Giddings *v.* Steele, 28 Tex., 748; Hurt *v.* Horton, 12 Tex., 285; Fisk *v.* Norvel, 9 Tex., 15; Finch *v.* Edmonson, 9 Tex., 504; Patton *v.* Gregory, 21 Tex., 517.

GOULD, ASSOCIATE JUSTICE.—The judgment complained of by plaintiffs in error enforces a vendor's lien on certain land purchased by their ancestor, John Patterson, Sr., and held by them as his heirs. The plaintiffs in error excepted to the jurisdiction of the court, and the first proposition which their counsel presents is, that the pleadings of the plaintiff below

show "that the debt sued for was a claim against the estate of a deceased person; that the time for administration had not elapsed when this suit was brought, and no legal reason is shown why said plaintiff was prevented, without fault on her part, from seeking administration according to law."

The petition, which was filed in February, 1875, and the subsequent pleadings of plaintiff state the death of John Patterson, Sr., on April 3, 1874, less than four years from the maturity of the debt; that no administration was ever had on his estate; that the defendants, his heirs, being of full age, took possession of his property, including the land, and agreed amongst themselves to pay the debts without administration, and with plaintiff to pay the debt sued for; that they had divided the estate and land amongst themselves, and continued to hold and enjoy the same; that, relying on their promises and acts, plaintiff took no steps to have administration on the estate until over four years had elapsed after the death of John Patterson, Sr.; but that, though the defendants had paid all other debts, they had failed to pay the claim of plaintiff, who was left the sole creditor of the estate. Some of these averments were made in a supplemental petition, or trial amendment, filed May 20, 1878, the court having sustained exceptions to the original pleadings of plaintiff.

Our opinion is that these averments were sufficient to give the court jurisdiction. Under the probate system of this State, a creditor of an estate must, ordinarily, collect his debt through the medium of an administration. (Green v. Rugely, 23 Tex., 539; Ansley v. Baker, 14 Tex., 607; Cunningham v. Taylor, 20 Tex., 129; McMiller v. Butler, 20 Tex., 402.) But if administration cannot legally be had because of the lapse of four years after the death of the debtor, the creditor is remitted to his remedy against the heirs, or the property of the estate in the hands of the heirs, by proceeding in the District Court. (2 Paschal's Dig., arts. 5505, 5506; Lewellyn v. The State, 25 Tex., 797.) And even before the lapse of four years administration may be-

come unnecessary by the action of the heirs. The policy or object of our probate laws, in requiring administration, is the protection of the estate and the rights and preferences of the widow, children, creditors, and heirs or distributees, but not to force administration, in all cases. (Paschal's Dig., art. 1490.) By the statute in force when this suit was instituted, it was declared that if the persons entitled to receive the estate be present, and can agree as to the distribution thereof, and there be no creditors, there is no necessity for administration. (Paschal's Dig., art. 5491.) The cases are numerous in which heirs have been allowed to sue without or notwithstanding administration; and we think that where, on account of the action of the heirs, no object is to be accomplished by administering, then administration, as against them, has also become unnecessary. The proposition on this subject, stated by counsel for defendant in error, embodies what we hold to be the law, viz.: "Where there is no administration on the estate of a deceased person, and but one debt against the estate, and the heirs of such deceased person, by an agreement amongst themselves, partition and distribute the estate of such deceased person without satisfying the debt, the party, or his legal representatives, in whose favor such debt is due, and which is a lien upon the land sold to the ancestor of such heirs, may sue for the debt and foreclose his lien, making the heirs defendants, without administration on the estate of their ancestor."

It is objected that the verdict is not responsive to the issue submitted by the court. The court, following the pleadings, instructed the jury, in case they should find for the plaintiff, to specify the amount of money so found, and further instructed them: "And also find, if you so believe, that the purchase of the land described in plaintiff's petition was the consideration of the obligation sued on, and that it is subject to the vendor's lien and the payment of said debt." The verdict was as follows: "We, the jury, find that plaintiff, Mrs. W. P. Allen, shall recover from defendants, John Pat-

terson *et al.*, the sum of five hundred and fifty-two dollars, (552 currency dollars,) this being the original amount sued for, with ten per cent. interest on same to date. We also find that the entire tract of land sold by R. J. Allen, deceased, be and is hereby subject to the payment of this debt."

Although this verdict is less formal than it should have been, our opinion is that it has sufficient certainty to enable the court to ascertain the meaning of the jury to be that the consideration of the claim sued on was the land, which they found subject to its payment. (See Galbreath *v.* Atkinson, 15 Tex., 24.) "The verdict of a jury should be construed liberally, not technically, and so that it may rather stand than fall." (Miller *v.* Shackelford, 4 Dana, 271, as cited in Darden *v.* Matthews, 22 Tex., 326.) "The jury must be presumed to have expressed their finding with reference to the facts in the pleadings," (and the charge which follows the pleadings,) "unless they also state something which shows that such was not their intention." (22 Tex., 325.)

The verdict was, we think, sufficient to authorize the judgment, and we see no reason, after examining the evidence, to think that the court below erred in holding it sufficient to support the verdict.

Of the other questions suggested, we deem it sufficient to say that we see no error assigned justifying a reversal of the judgment, and it is accordingly affirmed.

JUDGMENT AFFIRMED.