## ED MARSHALL *et al. v.* THE STATE.

1. REMOVING LIVE STOCK, ETC. — THEFT. — Under the Code of this state a conviction may, under an indictment for theft of cattle, be had for willfully driving or removing from its accustomed range any live stock of another, without consent of the owner; but, to sustain such a conviction, the value of the animals must be alleged and proved, inasmuch as the penalty is regulated by the value.

2. SAME — VERDICT. — The charge to the jury may be looked to for the purpose of ascertaining the offense of which their verdict in such a case convicts the accused.

3. CASE STATED. — Trying an indictment for theft of two head of cattle alleged to be worth $10 each, the court, after hearing the evidence, declined to give in charge to the jury the law of theft, but charged the law pertinent to the removal of live stock from their accustomed range, etc. The jury found a general verdict of guilty, without specifying the offense, and assessed a fine of $1. *Held*, that the verdict would be in better form if it expressly acquitted the accused of theft, but is a good verdict of conviction for the offense submitted to the jury by the charge of the court. There being no proof of value, however, the judgment is reversed.

APPEAL from the District Court of Palo Pinto. Tried below before the Hon. J. R. FLEMING.

The indictment charged the appellants, Ed. Marshall and Albert Williams, with the theft of "two certain cattle," worth $10 each, belonging to J. M. Denton. The evidence showed that Marshall had the charge of a stock of cattle belonging to one Nalls, whose place was some four or five miles from Denton's. In driving some of Nalls' cattle from the range to the pasture at Nalls' place, the defendants also drove along two unbranded and unmarked calves belonging to Denton, and put them also in the pasture. A day or two afterwards Denton came along in search of his calves, and made inquiry of Marshall, who replied that he had them in the pasture, and was about to turn them out, having learned whose they were. He turned them over to Denton, who drove them home.

A witness for the defendants testified that they made

more than one effort to run the calves from among the cattle they were driving to pasture. These efforts, however, were not made until the herd, including the calves, had been driven some miles from the accustomed range of the latter. Doubtless the court below considered that there was no evidence of a larcenous intent. No evidence at all of the value of the calves was adduced. The jury found the defendants guilty, and assessed a fine of $1 against each.

The opinion copies the article of the Penal Code given in charge to the jury, and refers to others having a bearing on the question before the court. Of these, article 2410 *a* makes it felony to steal any cattle, sheep, hog, or goat, worth $20 or more, and a misdemeanor if the value be less than $20. Article 2410 *b* provides that "if any person shall willfully take into possession and drive, use, or remove from its accustomed range, any live stock not his own, without the consent of the owner, and with the intent to defraud the owner thereof, he shall be deemed guilty of theft, and, on conviction thereof, shall be confined in the penitentiary not to exceed two years, or fined in a sum not to exceed one thousand dollars, or by both fine and imprisonment, at the discretion of the court and jury trying the case."

These, and several other cognate articles amendatory of the original Code, were enacted in 1866.

*Hood & McCall*, for the appellants.

*George McCormick*, Assistant Attorney-General, for the State.

ECTOR, P. J. The defendants in this case were indicted for the theft of two calves. They were convicted for illegally driving cattle from their accustomed range, under article 2410 *c*, Paschal's Digest, which article reads as follows:

"If any person shall willfully kill or destroy, or drive or

remove from its accustomed range, any live stock not his own, without the consent of the owner, under such circumstances as not to constitute theft, he shall, nevertheless, be guilty of a misdemeanor, and shall be punished by fine not exceeding double the value of such stock.''

The district judge who presided at the trial, after hearing the evidence, declined to charge the jury the law of theft, but distinctly set forth the law as defined in said article 2410 *c;* thus restricting the jury in their finding as to whether or not the defendants are guilty of illegally driving cattle from their accustomed range. The jury returned the following verdict, to wit: '' We, the jury, find the defendants guilty, and assess the fine at one dollar each.''

The defendants moved for a new trial. The first ground in the motion is, '' that the court erred in the instruction given, in this, that the jury were instructed that they might find the defendants guilty of driving the cattle alleged to have been stolen from their accustomed range,'' etc. Defendants' counsel insist that a party indicted for theft cannot be convicted, under article 2410 *c*, of illegally driving the cattle from their accustomed range. In this view we do not concur.

Article 3095, Paschal's Digest, provides that, '' when a prosecution is for an offense consisting of different degrees, the jury may find the defendant not guilty of the higher degree, but guilty of any degree inferior to that charged in the indictment;'' and article 3096, in defining what offenses include different degrees, names '' theft, which includes all unlawful acquisitions of personal property punishable by the Penal Code.''

In the case of *Counts* v. *The State*, 37 Texas, 594, the defendant was indicted for the theft of a cow. On the trial in the court below he was convicted of illegally driving cattle not his own, without the consent of the owner, out of their accustomed range. Defendant moved to arrest the

judgment, on the ground that the conviction was of a different offense from that mentioned in the indictment; and, the motion being overruled, the defendant appealed. The Supreme Court says: " Willfully driving an animal not one's own, and without the consent of the owner, from its accustomed range, in contemplation of law is not only an acquisition, but an appropriation, of the property, and not very clearly distinguishable from the ordinary definition of theft."

And in the case of *Campbell* v. *The State*, 42 Texas, 591, the defendant was indicted for the theft of an ox. The lower court charged the jury on theft, not giving article 2410 *b* of Paschal's Digest, in charge to the jury. The court, Justice Moore delivering the opinion, says: " While we cannot agree with the argument of counsel for appellant, that article 2410 *a* cannot be applied to the theft of cattle from ' their accustomed range,' but must be referred to theft of stock from other places, such as fields, pens, barns, stables, etc., and in all cases of theft of cattle from ' its accustomed range,' the prosecution must be based on article 2410 *b*, nevertheless, we deem it quite clear that when the facts relied upon as proof of the theft are referable to this last article, it, and in most cases the next succeeding article also, should be given in charge to the jury."

We believe that the court did not err in overruling the defendants' motion for a new trial.

The defendants, in their assignments of error, say that the court erred in overruling their motion in arrest of judgment, " because the verdict does not acquit the defendants of the higher grade of offense, to wit, theft; nor does it convict the defendants of illegally driving cattle from their accustomed range, the inferior offense."

We are inclined to believed that the grounds stated in the defendants' motion in arrest of judgment are not well taken. It would have been better for the jury to have

found the defendants not guilty of theft, and then found them guilty of illegally driving from its accustomed range live-stock not their own, without the consent of the owner. At the same time, there can be no mistake of the offense of which the jury intended to find the defendants guilty. We can look to the ·charge of the court in construing the verdict. The charge is a part of the record in the cause. It is in writing, and is handed to the jury on their retirement. To it they necessarily look in considering their verdict. In our practice the essential idea of a charge is that it is authoritative as an exposition of the law, which the jury, under their oaths, are bound to obey. *Chester* v. *The State*, 1 Texas Ct. App. 702 ; *Patterson* v. *Allen*, Sup. Ct. Texas, Tyler term, 1878 (not published).

The legal effect of the verdict, when construed in the light of the charge of the court, is to acquit the appellants of theft, and to find them guilty of willfully driving from its accustomed range live-stock not their own, without the consent of the owner. *Posey* v. *The State*, 32 Texas, 476 ; *Lopez* v. *The State*, 2 Texas Ct. App. 204 ; 1 Bishop's Cr. Law, 850.

The judgment must be set aside because there is no proof of the value of the calves, or that they are of any value. The penalty assessed by the statute for illegally driving cattle from their accustomed range is regulated by the value of the stock so driven. The penalty is the same as that prescribed for violating the estray laws. Pasc. Dig., art. 2440. Under this law it has been decided that the value of the estray must be alleged and proven. *Tharp* v. *The State*, 28 Texas, 696.

The judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*