## BART POWELL *v.* THE STATE.

THEFT OF ANIMALS — INDICTMENT. — Under an indictment for theft of an animal, the accused may be convicted of that offence, or of wilfully taking into possession and driving from its accustomed range live-stock not his own, without the consent of the owner, and with intent to defraud the owner thereof, which is made theft and a felony; or a conviction may be had for wilfully driving from its accustomed range live-stock not his own, without the consent of the owner, and under such circumstances as not to constitute theft, which offence is punishable as a misdemeanor. But before the Revised Code took effect a conviction for this last offence could not be had unless the indictment alleged the value of the animal, inasmuch as the fine was regulated thereby.

Appeal from the District Court of Uvalde.    Tried below before the Hon. T. M. Paschal.

The opinion states the case.

*J. C. Sullivan*, *W. T. Merriweather*, and *Jay Minter*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

Clark, J.    Appellant was indicted, in the ordinary form, for the theft of one head of neat cattle.    At the trial, and upon some arrangement with the district attorney, the particular terms of which seem not to have been understood alike by the respective parties, the appellant pleaded not guilty to the charge of theft, but guilty to the charge of driving the animal from its accustomed range.    The court instructed the jury that this plea was accepted by the district attorney, and, as there was no evidence before them showing theft, they should return a verdict of not guilty as charged, but guilty of wilfully driving one head of neat cattle out of its accustomed range, the penalty for which, as stated by the court, being confinement in the penitentiary for any term not to exceed two years, or by fine not to exceed $1,000, or by both fine and imprisonment at the discretion of the jury.    The jury by their verdict acquitted the defendant of theft, but found him guilty " of wilfully driving the animal out of its accustomed range," and assessed his punishment at two years' confinement in the penitentiary; upon which verdict judgment was entered, and from which defendant prosecutes his appeal.

Under a general indictment for theft of an animal, defendant may be convicted of that offence, or of wilfully taking into possession and driving from its accustomed range live-stock not his own, without the consent of the owner, and with intent to defraud the owner thereof, which is made theft by statute and punishable as a felony (Pasc.

Dig., art. 2410*b*) ; or of wilfully driving from its accustomed range live-stock not his own, without the consent of the owner, under such circumstances as not to constitute theft, which is punishable as a misdemeanor, by fine not exceeding double the value of such stock.    Pasc. Dig., art. 2410*c*.    But in order to convict under the last-named statute, the value of the animal must be alleged in order that the proper penalty may be affixed.    *Marshall* v. *The State*, 4 Texas Ct. App. 549 ; *Campbell* v. *The State*, 42 Texas, 591 ; *Bawcom* v. *The State*, 41 Texas, 189 ; *Counts* v. *The State*, 37 Texas, 594.

From the designation of the offence of which defendant pleaded guilty, as it appears in the charge and in the verdict and judgment, we must necessarily conclude, therefore, that defendant pleaded guilty to the offence denounced in art. 2410*c*, Paschal's Digest, above recited, and not to the graver offence specified in the preceding article.    Certainly the designation of the offence in the verdict of the jury, as quoted above, cannot be held to designate and include the graver offence.    The material elements of a want of consent of the owner and the intent to defraud are found, in the designation of the offence confessed by the defendant, neither in the charge of the court nor in the verdict and judgment.

The judgment must therefore be reversed ; and as the defendant was acquitted by the verdict of the jury of the graver offence of theft, and as the indictment will not sustain a conviction for the lesser offence, because it fails to allege the value of the animal, the cause is dismissed.

*Reversed and dismissed.*