## AUSTIN MARTIN *v.* THE STATE.

1. CONTINUANCE. — Defendant applied for a second continuance because of the absence of the same witness on whose account he had obtained the first continuance. It appears that opportunity had been afforded the de-

fendant to put the witness under recognizance, but that he failed to do so. *Held,* that proper diligence was not shown, and the second application was correctly overruled.

2. New Trial. — The presence of a bailiff with a petit jury while they are deliberating on their verdict, though forbidden by law, is not cause for new trial when it does not appear that the fairness of the trial was affected thereby.

3. Theft. — By express provision of the Penal Code, theft includes all unlawful acquisitions of personal property punishable by law.

Appeal from the District Court of Smith.    Tried below before the Hon. J. C. Robertson.

The conviction was for cattle-theft, and four years in the penitentiary the punishment assessed.

*W. M. Giles, Hart & Buchanan,* and *Jones & Trigg,* for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

White, P. J.    The application for continuance was the second one made by defendant, and we infer from a statement in the last application that the first was granted on account of the absence of Thomas Williams, the same witness whose absence was the ground of the second, because it is stated " that a subpœna was issued for said witness (Williams) on the 10th day of June, a. d. 1879, immediately after he (defendant) was arrested upon said indictment; that said witness then resided at Mineola, said county, and that the same was served upon him by B. F. Pegues, deputy-sheriff of Wood County, but it was only served a short time — about one or two hours — before the cause was called for trial, and the same was continued before he reached here." If the first continuance was for this witness, who had failed to appear after being subpœnaed, then proper diligence and a due regard for his rights required that when the defaulting witness, as shown, reached the court after the continuance was granted, he should have

been brought before the court and recognized as a witness for defendant in the case. Failing to have this done, proper diligence is not shown by the subsequent suing out of an attachment for the witness, and the court properly refused the second continuance upon that ground.

Misconduct of the jury, or rather of the officer having them in charge, is complained of, and made one of the principal grounds of the motion for a new trial. It is stated that this bailiff or officer was in the jury-room during their deliberations upon their verdict, and was urging them to hurry up with their verdict. He is also charged with making remarks, in the hearing of the jury, calculated to prejudice the defendant. Arts. 690 and 692 of the Code of Criminal Procedure are invoked in support of this ground of the motion, the former of which declares that "no person shall be permitted to be with a jury while they are deliberating upon a case," and the latter that the officer attending them "shall always remain sufficiently near the jury to answer to any call made upon him by them, but shall not be with them while they are discussing the case; nor shall such officer, at any time while the case is on trial before them, converse about the case with any of them, nor in the presence of any of them."

Several affidavits with regard to this matter appear in the record, and we think that those of the bailiff and the foreman of the jury explain the circumstances in a manner so as to relieve them of the charge of such character of misconduct as would invalidate the verdict. In Slaughter's case the rule was properly declared. There it was held that "the fact that the bailiff was present with the jury during their deliberations on a criminal case is in itself not a ground for a new trial. Such violation of duty, however, might be attended with circumstances that would render the jurors liable to the imputation of misconduct, and be ground for a new trial, if it were such as to engender the opinion that the defendant had not received a fair and impartial trial." 24 Texas. 410.

As was said in Early's case, " When the irregularity consists in doing that which does not and cannot affect the impartiality of the jury, or disqualify them from exercising the powers of reason and judgment, — as, when the act done is contrary to the ordinary forms and to the duties which jurors owe to the public, — the mode of correcting the irregularity is by animadversion upon the conduct of the jurors or of the officers, but such irregularity has no tendency to impair the respect due to such verdict." 1 Texas Ct. App. 248. Our statute gives a summary remedy against such misconduct on the part of jurors and the illegal intrusions of other parties. It provides that " any juror or other person violating the preceding article [Code Cr. Proc., art. 690] shall be punished for contempt of court, by fine not exceeding one hundred dollars." Code Cr. Proc., art. 691.

Whilst the conduct of the officer may have been reprehensible, we cannot believe, under the facts before us, that it was such as to affect the impartiality of the trial or the justice of the verdict, and consequently we are of opinion the court did not err in overruling the motion for new trial upon this ground.

The court charged the jury that if they believed the defendant was guilty of receiving or concealing the animal, knowing the same to have been stolen, they would return a verdict of guilty. In this there was no error, because theft includes, by express provision of law, all unlawful acquisitions of personal property punishable by the Penal Code. Code Cr. Proc., art. 714, subd. 7; Penal Code, art. 743; *Simco* v. *The State*, 8 Texas Ct. App. 406; *Parchman* v. *The State*, 2 Texas Ct. App. 229; *Counts* v. *The State*, 37 Texas, 593.

This charge presented the issues in a manner entirely different from those presented in Cohea's case, referred to by counsel (*ante*, p. 173), decided at the late Austin term. In Cohea's case there was no issue as to receiving and concealing, and it was held that a conviction as a principal in

theft could not be sustained without actual participation in the taking.

Other strictures upon and objections to the charge of the court are not considered well taken or sustained. In our opinion, the charge presented the law fully and fairly upon the facts. We have been unable to see any such error in the record as requires a reversal of the case, and the judgment is therefore affirmed.

*Affirmed.*