## BOB VINCENT *v.* THE STATE.

1. THEFT — RECEIVING STOLEN PROPERTY.— It being enacted in this State that the offense of theft comprises all unlawful acquisitions of personal property, it is well settled that a conviction for receiving or concealing stolen property may be had under a general indictment for theft of the property. (Hurt, J., dissenting.)

2. VERDICT — CHARGE OF THE COURT.— Unless something appears to the

contrary, it is presumable that the jury expressed their findings responsively to the instructions given them by the court; wherefore, in determining questions involving the import of the verdict, the charge of the court is to be looked to and considered.

3. SAME.— In a trial for receiving stolen property, the jury might, under the proof and their instructions, have convicted the defendant either of a felony or a misdemeanor, according to the value of the property. Without specifying the value of the property, the jury found a general verdict of guilty, and assessed a felonious punishment. *Held*, a good verdict.

4. LIMITATION — CHARGE OF THE COURT.— It is incumbent on the State to prove an offense not barred by limitation, but, when nothing in the evidence raises a doubt whether the prosecution was barred, there is no occasion for instructions to the jury on the subject.

APPEAL from the District Court of Tarrant. Tried below before the Hon. A. J. HOOD.

The indictment, in the usual form, charged the theft of four hogs, worth ten dollars each; but the case was submitted to the jury as an accusation of receiving the hogs, with knowledge that they had been stolen,— a feature which distinguishes this conviction from the former one, which, as reported in 9 Texas Ct. App. 303, was reversed by this court upon a question not involved in the case as now presented. A term of two years in the penitentiary was the punishment allotted the appellant.

*H. M. Furman*, for the appellant, filed an able brief and argument.

*Horace Chilton*, Assistant Attorney General, for the State.

WHITE, P. J. On a former appeal this case was reversed because the court failed to charge the law applicable to the facts adduced in behalf of the accused by way of defense. *Vincent* v. *State*, 9 Texas Ct. App. 303.

The indictment was in the ordinary form, and charged the defendant with the theft of four hogs, of the value

of ten dollars each.   In the charge the court instructed the jury that the State "did not seek a conviction for theft of the hogs named in the indictment, but seeks to convict the defendant under the following statute, viz.: 'If any person shall receive or conceal property which has been acquired by another in such manner as that the acquisition comes within the meaning of the term theft, knowing the same to have been so acquired, he shall be punished in the same manner as by law the person stealing the same would be liable to be punished.'" Penal Code, art. 743.   The charge throughout presented, as the main and sole issue, whether the defendant was guilty of receiving stolen property, knowing it to have been stolen. The charge was excepted to and is claimed to be erroneous.

It is now too well settled in this State to admit of further controversy, that a conviction for receiving or concealing property, knowing it to have been stolen, may be had and will be sustained under an indictment charging theft of the property; because theft includes all unlawful acquisitions of personal property punishable by the Penal Code.   Code Crim. Proc. art. 714, subdiv. 6; *Riley* v. *State,* 32 Texas, 771; *Counts* v. *State,* 37 Texas, 593; *Parchman* v. *State,* 2 Texas Ct. App. 229; *McCampbell* v. *State,* 9 Texas Ct. App. 124; *Martin* v. *State,* 9 Texas Ct. App. 294; Clark's Crim. Laws of Texas, p. 295, note 100. Viewed in the light of these decisions, the charge of the court was a full and correct exposition of the law applicable to a charge of receiving stolen property, and no error was committed in refusing the special instructions requested for defendant.

An objection is urged to the verdict of the jury that it is a general finding of guilty, without specifying the value of the property which they found had been stolen by defendant.   The verdict finds defendant guilty and assesses his punishment at two years' confinement in the penitentiary.   The jury were instructed by the charge of the

court that they would only imprison in the penitentiary in case they found the value of the property to be over twenty dollars, and were fully instructed as to a different punishment in the event the property stolen did not amount in value to twenty dollars. If there were any doubt about the offense of which the accused was found guilty, the charge of the court would be looked to in solution of the doubt; the jury must always be presumed to have expressed their finding with reference to the charge of the court, unless they also state something which shows that such was not their intention. *Darden* v. *Mathews,* 22 Texas, 326; *Patterson* v. *Allen,* 50 Texas, 23; *Marshall* v. *State,* 4 Texas Ct. App. 549; *Hutto* v. *State,* 7 Texas Ct. App. 44, and authorities cited.

Another objection made to the charge of the court is that it did not inform the jury of the period of limitation which would restrict their investigations in the case; in other words, that, if they found defendant guilty of a felony, they could only do so in case they believed the crime was committed within five years next before the presentment of the indictment. Code Crim. Proc. art. 198.

There was nothing in the evidence to raise the question of limitation. The indictment charged the offense to have been committed on the 30th day of January, 1880; the evidence showed it was in fact committed about the 1st of February, 1880, and the indictment was filed on the 20th of February, 1880. Whilst it is true that the State, under a plea of not guilty, must establish a case that is not barred by limitation *(State* v. *Carpenter,* 74 N. C. 230), yet, if the evidence raises and could possibly raise no issue upon that subject, the court is not bound to charge upon it.

Nor did the court err in refusing to exclude from the jury the testimony of John Turner, who had turned State's evidence. His testimony was both pertinent to

and admissible upon the issues being tried. In our opinion the evidence sustains the verdict and judgment. No error of magnitude sufficient to require a reversal of the judgment having been made to appear on this appeal, the judgment is affirmed.

*Affirmed.*

Hurt, J., does not concur in the portion of this opinion which decides that under a charge of theft an accused can be convicted of receiving and concealing stolen property, knowing it to have been stolen.