Opinion by
White, P. J.

(Transferred from Austin. J

§ 3 7 6. Heirs; suit against may be maintained by creditor of estate, without administration, when; case stated. Hood instituted suit in justice’s court against Peters and others, upon a promissory note executed to him by one Sarah Bond for $135. He shed defendants as the heirs of said Sarah Bond, who had died since the execution of the note, claiming that they, the heirs of said decedent, had taken possession of, and distributed among themselves, all the property of said decedent. The note sued on was executed October 7, 1879. Sarah Bond died in May, 1880, and this suit was instituted August 10, 1882. In justice’s court, Hood obtained judgment against all the defendants for the full amount of his note, interest and costs. On appeal to the county court, the judgment was the same. The first error assigned by appellant is, “the court erred in rendering judgment against defendants and in favor of plaintiff A. J. Hood, because said judgment is against the law and evidence, in this: that the plaintiff did not aver in his pleadings, nor did said plaintiff prove on the trial of said cause, that there had been an administration on the estate of said Sarah Bond, deceased, and that administration had closed; nor did plaintiff A. J. Hood prove to the court trying said cause that more than four years had expired previous to the beginning of this suit since the death of said Sarah Bond, nor did said plaintiff Hood show that he had been prevented by defendants, or any one else, from having the estate of Sarah Bond administered upon in the county court of Hood county, nor does the said Hood show by proof that the claim sued on is the only claim against said estate, nor does he show that the estate is solvent.”
*327 Looking to the facts proven on the trial, as shown by the record, the errors complained of are not made manifest. Under our statute, letters of administration upon the estate of a deceased person may be granted at any time within four years after the death of the decedent. [R. S. art. 1827.] Amongst those authorized to administer, when others, who are preferred by the statute, fail or refuse to do so, are creditors of the deceased. [R. S. art. 1861.] Should not Hood have availed himself, asa creditor, of his remedy by administration, four years from the death of Sarah Bond not having elapsed? And had he authority to sue the heirs on a community debt of Sarah Bond and her deceased husband, to subject them to liability to the extent of property received by them from the estate, without administration upon said estate? Under the law as it was formerly, the right to sue heirs and distributees was in express terms given creditors for the purpose of making them liable to the extent of the property belonging to the estate, received by them. [Pas. Dig. art. 1373; Green v. Rugely, 23 Tex. 539.] But this statutory right is not continued in force in express terms in the Revised Statutes. It is only where administration has been taken, and the estate is afterwards withdrawn from administration by the heirs or distributees, that our present statute provides that “any creditor may sue any distributee, or he may sue all the distributees together, who have received any of the estate, but no one of such distributees shall be liable beyond his just proportion according to the estate he may have received in the distribution.” [R. S. art. 1971.] But notwithstanding the right no longer exists by statute, and notwithstanding it is a general rule that “there must be an executor or administrator1, representing an estate, to enable a creditor to bring suit to subject the property of a deceased debtor- to the payment of his debt” [Green v. Rugely, 23 Tex. 539; Webster v. Willis, 56 Tex. 468], still, there are exceptions to this rule. In McCampbell v. Henderson, 50 Tex. 601, it was held that *328 where there neither is, nor can be, administration, as from lapse of time, or otherwise, and heirs are in possession of property of their ancestor, such heirs are his personal representatives, and an action may be revived against them, or a new suit be brought against them. In The State v. Lewellyn, 25 Tex. 797, it was held that “ a suit by a creditor to enforce the payment of a debt against the estate of a deceased person, upon which there has been no administration, cannot be maintained against the heirs, unless it be averred and proved that the estate has descended to the heir against whom the suit was instituted.” Again, in Patterson v. Allen, 50 Tex. 23, it is held that where there is no administration on the estate of a deceased person, and but one debt against the estate, and the heirs of such deceased person, by an agreement among themselves, partition and distribute the estate without satisfying the debt, the party in whose favor such debt is due . . . may sue for the debt, making the heirs defendants, without administration on the estate of their ancestor.” In all such cases as those mentioned in these authorities, the right to sue is an equitable one, independent of the statute. In its main features, the case we are considering is almost identical with the case of Patterson v. Allen, supra. Here, there was but one debt; the heirs by agreement had taken possession of, and partitioned the estate among themselves, and there was no necessity for an administration.
§ 377. Community property; exempt property; heirs cannot claim the exemption. The corpus of the estate consisted mainly in improvements made by Bond and his wife, upon a tract of school land in Milam county, prior to their death. The note sued on was executed by Mrs. Bond after the death of her husband; and so far as disclosed by the record, was her individual, and not a community, debt. It is contended that Mrs. Bond had taken possession of all the community estate of herself and deceased husband, and that the proportion of her husband’s interest which she used after his death, and *329 which rightly belonged to these parties, his children, more ■than counterbalanced any interest she might have in the property remaining at her death. Furthermore, it is claimed that all the property, both of husband and wife, was exempt under the laws of the state, and was therefore not liable. The property may have been exempt as to Mrs. Bond during her life-time, but at her death it would not pass with the character of exempt property to her heirs, not being constituents of her family, and her interest therein would be liable for her debts. It is not proven that she consumed more of the community property of herself and her deceased husband than she transmitted at her death to the heirs, and her interest in the community property which was received by the heirs was sufficient to pay this debt.
October 25, 1884.
§ 878. Judgment; against heirs jointly, in favor of creditor. Again, it is said the court erred in rendering judgment against appellants jointly, and because said judgment does not show the amount each of the appellants received, of the property of the estate. In answer to this, we say that by agreement among themselves, Gifford, one of the heirs, took possession and charge of the entire estate, and disposed of the same, and if they did not each get his equal share, it was their own fault.
Affirmed.