**PIERCE et al. v. CAMP.**

**No. 7462.**

Court of Civil Appeals of Texas. Austin.

June 18, 1930.

Rehearing Denied July 9, 1930.

Mr. W. A. Morrison, of Cameron, for appellants.

Mr. E. A. Wallace, of Cameron, for appellee.

BLAIR, J.

Appellee sued appellants in trespass to try title to recover 150 acres of land, and in the alternative, asserted superior title thereto as owner and holder of certain vendor's lien notes against the land, and asked for judg-ment fixing the amount of his vendor's lien notes, and for foreclosure of the lien, order of sale, and writ of possession. Appellants answered that appellee had no title to the land at the time he executed a warranty deed conveying it to their predecessors in title, and pleaded said deed as raising estoppel to assert his after-acquired title and as extin-guishing the vendor's lien notes held by him at the time all outstanding title became vest-ed or merged in appellee. They also plead-ed the ten-year statute of limitation and want of jurisdiction of the court over the proper-ty in suit.

A trial to the court without a jury resulted in a judgment for appellee for title and pos-session of the land, but the judgment also fixed the amount of appellee's vendor's lien notes at $2,315, and provided that if appel-lants paid that amount to appellee prior to service of a writ of possession, such payment would defeat appellee's recovery of the title and possession of the land; hence this appeal which is predicated upon the three above de-fenses urged by appellants.

■ With respect to the plea of estoppel by deed to assert the after-acquired title by ap-pellee, such rule or doctrine has no applica-tion under the undisputed facts. They show that on June 29, 1918, appellee Camp, by a special warranty deed, duly recorded, con-veyed to J. Tom Robinson certain 320 acres of land in Milam county, less 84 acres. Camp had no title to the land at this time, but title thereto was outstanding in Nathan S. Potter. On July 19, 1918, by deed duly recorded, J. Tom Robinson conveyed to "Jess" Pierce 150 acres of the land in consideration of one vendor's lien note for $150, and ten others for $100 each, expressly reserving a vendor's lien on the land to secure payment of the notes, which were payable from Octo-ber 1, 1918, to October 1, 1928. On October 13, 1919, by deed duly recorded, Jess Pierce, signing as "J. M. Pierce," conveyed 150 acres of the land to R. F. Pierce; the considera-tion recited being the eleven above-mentioned notes executed by Jess Pierce to J. Tom Rob-inson. On December 15, 1922, Nathan S. Pot-ter, trustee, filed suit in the district court of Milam county against J. Tom Robinson, R. F. Pierce, one Slone, and one Cook, and others, to recover title and possession of the said 320 acres, less 84 conveyed by appellee Camp to J. Tom Robinson. Robinson and Slone an-swered by a plea of not guilty, and no other defendant appears to have filed an answer. Pending this suit J. Tom Robinson by written assignment conveyed to appellee Camp the

eleven notes executed by Jess Pierce to Robinson and Robinson's title to the land in virtue thereof. On February 4, 1929, appellee Camp intervened in the Nathan Potter suit, asserted ownership of the interest of Robinson, Slone, and Cook in the land, dismissed R. F. Pierce from the suit, and under some character of settlement with Nathan S. Potter, judgment was on the same day rendered in that suit in favor of intervener Camp for title and possession of the land there in controversy as against all parties remaining in the suit. R. F. Pierce died intestate October 9, 1925. No administration was had on his estate and appellee alleged herein that none was necessary. Immediately after the death of R. F. Pierce, his son, appellant Charles Pierce, took possession of the 150 acres of land in controversy and had been in possession since, claiming the land for himself and not for his brothers and sisters, some five or six in number, one of whom was dead at the time of the trial of this case, leaving issue; and one brother, Milton Pierce, was named a party defendant in this suit, but is shown to have never been in possession of the land. Appellants claimed title through inheritance from their father R. F. Pierce, deceased, and through the mesne conveyances from Camp to him.

In 10 R. C. L. 678, § 7, is found the following rule of estoppel by deed:

"A general warranty of title estops the grantor and his privies from setting up, as against the grantee and those claiming under him, a pre-existing outstanding title subsequently acquired by the grantor or his privies. * * * But a grantor may, notwithstanding his warranty, set up against his grantee, or against those who hold his grantee's title, a title subsequently acquired by himself by the disseisin of his original grantee and those claiming under him, or in any wise acquired from him".

In the case of Pitman v. Henry, 50 Tex. 364, the above rule was recognized and applied in the following language:

"The principle, that to avoid circuity of action the after-acquired title of a vendor who conveyed with covenant of general warranty of title will inure to the vendee and those claiming under him, does not apply where this after-acquired title is based upon the enforcement, in a proper case, of the lien for the purchase-money in favor of the original vendor."

Clearly the title acquired by appellee Camp by the judgment against Potter, which was outstanding in Potter at the time Camp deeded the land to Robinson, inured to the benefit of Robinson and his grantees under the doctrine of estoppel by deed, but such doctrine did not apply nor affect his title acquired from Robinson arising out of Robinson's conveyance of the land in suit to Jess Pierce, reserving a vendor's lien to secure the payment of the purchase price, which notes Robinson duly conveyed to Camp together with Robinson's title to the land in virtue thereof, and this is no longer an open question since the decision in the case of Pitman v. Henry, supra. See also Imperial Sugar Co. v. Cabell (Tex. Civ. App.) 179 S. W. 83; Galloway v. Finley, 12 Pet. 264, 9 L. Ed. 1079; 21 C. J. § 31, where the rule is stated that a grantee cannot, while continuing in undisturbed possession under the deed, dispute his grantor's title so as to avoid payment of the purchase price of the property.

■ Nor did appellants establish title under the ten-year statute of limitation (Rev. St. 1925, art. 5510). Appellant Charles Pierce testified that he was claiming title through inheritance from his father, R. F. Pierce, who died October 9, 1925, and appellant went into immediate possession and has since remained in possession to the exclusion of all the other heirs of his father. There is no evidence that either R. F. Pierce or Jess Pierce ever disputed appellee's title, but to the contrary the evidence shows that they were holding under appellee's title. This suit was filed March 19, 1929, and therefore the ten-year statute of limitation had not run in favor of any appellant.

■ Nor do we sustain appellant's remaining proposition that the trial court had no jurisdiction of this cause of action. This is predicated upon the contention that there is no evidence to support appellee's allegation that no necessity existed for an administration of the estate of R. F. Pierce, deceased, in that the proof did not show that the debt in suit was the only indebtedness owing by the estate. This suit was not against R. F. Pierce's estate, nor his heirs. It was an appropriate action against appellants personally to rescind a contract and recover the land by virtue of appellee's superior title as holder of the vendor's lien notes. Browning v. Estes, 3 Tex. 463, 49 Am. Dec. 760. The evidence shows that such debts as were owing by R. F. Pierce, other than the one in suit, which he did not owe personally, were barred by limitation; that the amount of the vendor's lien notes was more than the value of the land; that the land was the only property owned by deceased; and that although deceased had been dead more than four years no administration had been taken out. The presumption from these facts is that all debts have been paid or that they are not enforceable against the estate, and that there was no necessity for an administration. Solomon v. Skinner, 82 Tex. 345, 18 S. W. 698; Patterson v. Allen, 50 Tex. 23; Moore v. Moore (Tex. Civ. App.) 31 S. W. 532; Simkins on Administration of Estates, 32, and cases there cited.

The trial court's judgment is affirmed.

Affirmed.