## LEVERSEE V. REYNOLDS.

1. JURISDICTION OF JUSTICES IN ATTACHMENT. The jurisdiction of a Justice of the Peace, in attachment, is not limited to the township in which the defendant resides, or in which the property sought to be attached may be found, but extends through the county. Revision of 1860, § 3853.

2. RULE OF CONSTRUCTION. Words in a Statute will not be construed as mere surplusage, if a construction can be legitimately found, which will give force to and preserve the entire Statute.

*Appeal from Blackhawk District Court.*

MONDAY, JUNE 9.

THIS action was commenced by attachment before a justice of the peace, of the township of East Waterloo, in Blackhawk county, and property attached, and defendant served with notice, in the township of Mount Vernon, in the same county, the latter being the township of his residence.

On a writ of error, the District Court ruled that the justice had no jurisdiction, from which ruling plaintiff appeals.

*J. B. Powers* and *S. B. Van Buskirk* for the appellant.

*L. Chapman*, for the appellee.

WRIGHT, J.—The Revision provides that the jurisdiction of justices, when not specially restricted, shall be co-extensive with their respective counties. Suits may be brought in all cases, in the township where the defendant, or any one of several, resides. They may also be brought in any other township, if actual service is made therein. (§§ 3849-51-2.) And then § 3853 provides, that: "Actions of replevin and suits commenced by attachment, may be commenced in any county and township wherein any portion of the property is found, and justices shall have jurisdiction therein, within the county."

This section is in substance, but a reprint of § 2265 of the Code of 1851, and § 3, chap. 93, Laws of 1853, p. 150. The first conferred jurisdiction, where any portion of the property was found in actions of replevin, and suits commenced by attachment. The latter provides that in such cases, justices should have jurisdiction co-extensive with the county. In the light of this legislation, and giving to the language of the Revision a fair and natural construction, we are of the opinion that the justice had jurisdiction in this case, and that the court below erred in holding otherwise. To hold that the jurisdiction is limited to the township of defendant's residence, or where the property may be found, would involve the necessity of rejecting, as unmeaning and surplusage, a portion of the language of the statute. For certainly, as thus construed, the words "and justices shall have jurisdiction therein, (that is in such cases,) within the county," would be entirely without meaning. This is never allowed, if a construction can be legitimately found, which will give force to and preserve all the words of the statute.

The judgment is reversed and cause remanded.