THE STATE *v.* HENDERSON CAUDLE and others.

After conviction of a Forcible Trespass, judgment will not be arrested because the indictment contains no allegation as to the *time* when the offence was committed.

FORCIBLE TRESPASS, tried before *Mitchell, J.*, at Spring Term 1868 of the Superior Court of YADKIN.

On the trial below, after a verdict for the State, the defendant moved in arrest of judgment because the indictment contained no specification of time in connection with the commission of the offence charged. This motion was refused, and judgment having been pronounced, the defendant appealed.

*Attorney General*, for the State.

No counsel for the prisoner.

BATTLE, J. The only ground upon which the motion in arrest of the judgment in this case is based, is expressly removed by the Act, Rev. Code, c. 35, s. 20. Among the omissions in an indictment, which by force of that section cannot be made available in arrest of judgment after a verdict, is that of not stating " the time at which the offense was committed, in any case where time is not of the essence

of the offense." It cannot be insisted that time is of the essence of the offense of Forcible Trespass.

There is no error, and it must be certified as the law directs.

PER CURIAM.            No error.