## CRAFT v. FRANKS.

1. Replevin: VENUE: JURISDICTION. Where, in an action of replevin commenced before a justice of the peace, the property is removed to another county before service of the writ, this does not affect the jurisdiction of the justice before whom the action was commenced.

2. —— The language of section 3853 of the Revision, providing that actions of replevin may be commenced in any county and township wherein any portion of the property is found, is construed to relate to the location of the property at the time the action is commenced, and not to that where the property is found when seized under the writ.

*Appeal from Fayette Circuit Court.*

THURSDAY, JULY 25.

ACTION of replevin, for one brown mare, brought before a justice of the peace in Fayette county. Answer in denial, and, also, that the court had no jurisdiction, for that defendant is a resident of Buchanan county, and service of notice upon him was made there, and the mare was replevied by the constable in said county. There was a jury trial before the justice of the peace, resulting in a verdict and judgment for the plaintiff, for the mare, and $20 damages. The defendant appealed to the circuit court, and the cause was then tried upon the following agreed statement of facts: "An agreed statement is hereby made in this case to the effect, that defendant when served with notice was a resident of Buchanan county; that said mare was replevied in and taken from Buchanan county to this county; that service was made on defendant in Buchanan county; that no counter parts of said writ were ever issued in said case; that at the time said writ was issued, said mare was in Fayette county, Iowa. It is therefore agreed that if the above jurisdictional objection is

sustained, there shall be a verdict for defendant, and if not sustained, judgment below to be affirmed." The circuit court, upon hearing, rendered judgment for the plaintiff the same as that rendered by the justice of the peace. The defendant again appeals.

*A. M. Childs* for the appellant.

No appearance for the appellee.

COLE, J. — The agreed statement of facts shows that at the time the writ of replevin was issued, the property replevied (the mare) was in Fayette county. It is enacted by Revision, section 3853, " actions of replevin and suits commenced by attachment may be commenced in any county and township wherein any portion of the property is found, and justices shall have jurisdiction therein, within the county." It has been held by this court that the jurisdiction of a justice of the peace, under this section, in attachment and replevin cases, is not limited to the township in which the defendant resides, or in which the property sought to be attached or replevied may be found, but extends through the county. *Leversee* v. *Reynolds*, 13 Iowa, 310 ; *Biddle* v. *Allender*, 14 id. 410.

The language of the section, " wherein any portion of the property *is found*," must be construed to relate to the location of the property at the time the action is commenced, and not to its location when seized under the writ. Any other construction of the language used would put it in the power of a defendant, by a removal of the property before its seizure, to defeat the jurisdiction of a court over a cause, which was perfect and complete when the cause was commenced.

Affirmed.