Post v. Brownell & Co.

| 36 | 497 |
|----|-----|
| 96 | 230 |
| 101 | 519 |
| 36 | 497 |
| 107 | 411 |

1. **Justice of the peace: CHANGE OF VENUE.** Section 2802 cf the Revision providing that if suit be brought in the wrong county the defendant may demand a change of venue to the proper county is not applicable to proceedings before a justice of the peace.

Post v. Brownell & Co.

2. —— OBJECTIONS TO JURISDICTION. After appearing and moving for and obtaining a change of venue to another justice, it is too late for a defendant to object to the jurisdiction on the ground that suit was commenced against him in another county than his residence.

*Appeal from Marion Circuit Court.*

SATURDAY, JUNE 7.

ON the 27th of July, 1871, an original notice of an action of plaintiff against defendants was issued by E. Shaw, a justice of the peace of Marion county, returnable August 4, 1871, at 10 o'clock, A. M.

This notice was served on W. A. Brownell, in Lake Prairie township, Marion county, on the day that it was issued.

On the day set for trial plaintiff filed a petition against *Brownell Brothers.* The defendants not appearing, judgment was rendered against them for $40 and costs. On the 8th of August the defendants made a motion to set aside the default, which was sustained; and the court ordered that the trial be had on the 15th day of August, and directed notice thereof to be served on the plaintiff.

On said day the defendants appeared, by counsel, and made a motion, supported by affidavit, to change the venue to Lee county, on the ground that the defendants resided there.

This motion was overruled. Plaintiff then made a motion to change the venue, on the ground of the prejudice of E. Shaw, which was sustained, and the cause was sent to H. Neyenesch, a justice of the peace of Lake Prairie township, in Marion county. When the cause came before H. Neyenesch, the defendants filed a motion to dismiss the same on the ground that the justice had no jurisdiction thereof, because of the residence of defendants in Lee county. This motion was overruled, and the defendants failing to answer, a default was entered. The cause was tried without a jury, and judgment was again entered for $40, with interest and costs.

The defendants sued out a writ of error from the Marion circuit court, in which the judgment of the justice was affirmed. Defendants appeal.

*Bousquet & Ryan* for the appellants.

*Stone, Ayers & Curtis* and *Curtis & Gesman* for the appellee.

DAY, J. — The defendants demanded a change of venue to Lee county, under the provisions of section 2802 of the Revision. This section relates to proceedings in the district court, and is not applicable to an action pending before a justice of the peace.

For this reason, if for none other, the justice did not err in overruling the motion.

Jurisdiction over the person of a defendant may be acquired by a voluntary appearance.

An objection to the jurisdiction over the person must be raised *in limine*. In the district court an appearance, even for the purpose of objecting to the sufficiency of the service of the notice, confers jurisdiction. Rev., § 2840.

No motion to dismiss for want of jurisdiction was made before Justice SHAW.

It was not interposed until after the venue had been changed, and the plaintiff had appeared with his witnesses, for the purpose of proving his case. Defendants waived, as we think, any objection to the jurisdiction, by not presenting it before the change of venue was granted.

This is the only question which we deem it necessary to pass upon.

Affirmed.