## MEUNCH v. BREITENBACH.

1. **Venue**: ACTION COMMENCED IN WRONG TOWNSHIP. The statute does not provide for a change of venue to the proper township where an action has been commenced in the wrong one.

2. **Pleading**: JURISDICTION: ABATEMENT. Where want of jurisdiction does not appear upon the face of the petition, the objection should be made by pleading the facts in abatement. Whether or not a motion to dismiss should be entertained, *quœre*.

*Appeal from Pocahontas Circuit Court.*

TUESDAY, OCTOBER 26.

THE plaintiff filed in the office of a justice of the peace of Bellville township, Pocahontas county, a petition alleging that he is justly entitled to the possession of a certain colt of the value of forty dollars, and praying a judgment for the return of the property, or the value thereof, and for fifty dollars damages for detention.

An original notice was issued which was served in Lizard township, Pocahontas county. On the appearance day the defendant filed a plea in abatement, alleging that the court has no jurisdiction of the cause for the following reasons: "Neither of the parties hereto reside in the township where the action is brought, nor did either of them so reside at the time of the commencement of this action. No part of the property sought to be recovered herein was found in said township at the time of the commencement of this action. Service was not had upon the defendant within the township where this action was commenced. At the time of the commencement of this action all the parties hereto resided in the state of Iowa. His action is not founded on a contract for the payment of money at any particular place."

The plaintiff filed thereto the following reply: "That there is no justice of the peace in Lizard township, Pocahontas county, qualified to try the above entitled action."

Upon this issue the cause came on for trial, and judgment

was rendered in favor of plaintiff, for the return of the property, or thirty dollars, its value, and ten dollars damages.

The defendant appealed to the Circuit Court. On the second day of the term of that court the defendant offered to amend his answer, alleging in substance that one August Meunch was the owner of the property in controversy, and that the defendant, as an acting constable of Pocahontas county, levied upon the same under an execution duly issued by a justice of the peace of said county, to satisfy a judgment recovered by Cole Bros. against the said August Meunch. The court refused to allow this amendment. Upon the trial the plaintiff produced no evidence. The defendant proved that both he and plaintiff resided in Lizard township; that he took the property in controversy under an execution in Lizard township; that he had it there when this action was commenced; and that he has at no time had it out of said township; that the action was brought in Bellville township, and the original notice was served in Lizard township; and that, at the time of the commencement of this action, William S. Westlake was, and for years had been a duly qualified and acting justice of the peace in the township of Lizard.

Upon this testimony the court overruled the defendant's plea in abatement and ordered judgment for plaintiff for the return of the property, or for thirty dollars, its alleged value. Plaintiff appeals.

*J. D. Springer*, for appellant.

An amendment should be permitted, where the same would tend to advance substantial justice. (*Glich v. Hartman*, 10 Iowa, 410; *The State, etc., v. City of Keokuk*, 18 Id., 388.) To allow amendments is the rule, not the exception. (*Pride v. Wormwood*, 27 Iowa, 257.) The statute contemplates the exercise of a liberal discretion in granting leave to amend. (*Fulmer v. Fulmer*, 22 Iowa, 231.) These principles apply as well to causes in the Circuit or District Court by appeal as to those commenced there. (*Dunton v. Thorington*, 15 Iowa, 217; *Nettman v. Schramm*, 23 Id., 521; *Warren v. Scott*, 32 Id., 22.)

*M. A. Moore*, for appellee.

DAY, J.—The following are the provisions of the Code of 1873, respecting the place of bringing suit in a justice's court:

"Suits may, in all cases, be brought in the township where the plaintiff or defendant, or one of several defendants resides.

They may also be brought in any other township of the same county, if actual service on one or more of the defendants is made in such township.

Actions to recover personal property, and suits commenced by attachment, may be commenced in any county and township wherein any portion of the property is found, and justices shall have jurisdiction therein within the county." Sections 3509, 3510, 3511 and 3514.

The testimony fully shows that both parties to the suit resided in Lizard township, that the property in controversy was held in that township, that the original notice was served there, and that there was, at that time, a duly qualified and acting justice of the peace of that township. It is very clear, then, that a justice of the peace of Bellville township had no jurisdiction over the parties, or the subject matter of the suit.

As we have no argument of appellee, we are not advised upon what grounds the court overruled the defendant's plea in abatement. It is stated by appellant that the decision of the court was placed upon the ground that a plea in abatement was not the proper way of presenting the objection, that the defendant should have filed his motion for a change of venue, or to dismiss, and supported the same by affidavits, and then brought the case up on writ of error.

No provision is made for a change of venue to the proper township when an action has been brought before a justice of the
1. VENUE:   peace in the wrong township. In *Post v. Brownell*,
action.     36 Iowa, 497, we held that Section 2802 of the Revision, respecting actions brought in the wrong county, does not apply to an action pending before a justice of the peace.

The corresponding section of the Code is 2589. Whilst it may be that a motion to dismiss could be entertained, yet the proper mode of raising the objection of want of jurisdiction, where it is not apparent upon the face of the petition, is by pleading the facts in abatement.

*2. PLEADING: jurisdiction: abatement.*

Section 2648 of the Code provides that the defendant may demur to the petition when it appears upon its face, "that the court has no jurisdiction of the person of the defendant or the subject of the action." Section 2650 provides that "when any of the matters enumerated as grounds of demurrer do not appear on the face of the petition, the objection may be taken by answer." And Section 2732 provides that "matter in abatement may be stated in the answer or reply, either together with or without causes of defense in bar." We are clearly of opinion that the plea in abatement should have been sustained. As this is decisive of the present action, it is not necessary to determine whether or not the court erred in refusing to allow the proposed amendment.

REVERSED.