### STATE *v.* NANCY CARPENTER.

The plea of "not guilty" by a defendant charged with an assault, makes it incumbent upon the State to prove everything necessary to establish his guilt: *Hence,* when on the trial below, the State failed to prove that the offence had been committed within two years before the finding of the indictment, the defendant was entitled to a new trial.

INDICTMENT for Assault and Battery, tried at Fall Term, 1875, of GRAHAM Superior Court, his Honor Judge *Cannon* presiding.

The defendant pleaded "not guilty," and her counsel asked the court to charge the jury that "as the State did not show, or offer to show, that the offence was committed within two years before the finding of the indictment, the jury must acquit."

The court refused to charge as requested, and held that if the defendant relied on the statute of limitations, he must show it or give the State notice of such defence.

The jury returned a verdict of guilty and thereupon the defendant moved for a new trial. Motion overruled. Judgment and appeal.

No counsel for defendant in this court.
*Attorney General Hargrove,* for the State.

Settle, J.   To an indictment for an assault and battery the defendant plead "not guilty," and requested the court to charge the jury that as the State did not show, or offer to show, that the offence was committed within two years before the prosecution was instituted, they must return a verdict of not guilty.   The court refused so to charge, and held "that if the defendant relied upon the statute of limitations, he must show it or give the State notice of it."   This was error.

The general issue "not guilty" made it incumbent upon the State to prove every thing necessary to establish the guilt of the defendant.

We believe a practice has grown up, under which the State does not usually, in the trial of misdemeanors, prove, in the first instance, venue, time, &c., unless some point be made thereon by the defendant, but this practice is permitted merely for convenience and the dispatch of business, and ought never to prejudice a defendant who, as in this case, relies upon such defences.

The court might have permitted the prosecution to recall a witness and prove time, place, &c., when the defendant asked for instructions to the jury, but instead of so doing a ruling was made to the prejudice of the defendant, for which there must be a *venire de novo.*

Per Curiam.                                  *Venire de novo.*