GATES v. WAGNER.

1. **Jurisdiction:** JUSTICE OF THE PEACE. In actions for the recovery of money, justices of the peace do not have jurisdiction of residents of another county, even though the actions be aided by attachment.

*Appeal from Winneshiek Circuit Court.*

SATURDAY, JUNE 16.

ACTION commenced by attachment before a justice, before whom a motion was made to dissolve the attachment and dismiss the action. Thereupon, by consent of parties, the cause was certified by the justice up to the Circuit Court, which dissolved the attachment and dismissed the action. The plaintiff appeals. The trial judge gave the certificate required by law.

*Chas. P. Brown*, for appellant.

*Adams & Bullis*, for appellee.

SEEVERS, J.—Counsel for appellant states the facts and questions for determination to be as follows: "1. The defendant was 1. JURISDIC-TION: justice of the peace.  indebted to the plaintiff in the sum of $30.60. 2. That defendant had personal property in Win-

neshiek county, which property he was about to remove out of said county with intent to defraud his creditors. 3. That defendant was a resident of O'Brien county; and 4. That a writ of attachment was issued and levied upon the personal property in Winneshiek county." It was held in *Craft v. Franks*, 34 Iowa, 504, in an action to recover personal property that a justice of the peace had jurisdiction if the property was in the county at the time the action was commenced, although the defendant resided in another county, and the property was in such county at the time the process was served. This ruling is based on Rev., Sec. 3853, and as the Code, Sec. 3511, is identical in all respects with that section, it is insisted the decision in that case is decisive of the question before us. We, however, do not so regard it for the reason that owing to a material change in another section of the statute the ruling made in that case is not applicable. When *Craft v. Franks* was decided, Sec. 3849 of the Revision provided that, "the jurisdiction of justices of the peace when not specially restricted is geographically co-extensive with their counties."

Now, however, Sec. 3507 of the Code, which is the corresponding section to 3849 Rev., contains the following additional provision: The jurisdiction of justices "does not embrace suits for the recovery of money against actual residents of any other county except as provided in Sec. 3513 of the Code." In the present case the jurisdiction is not claimed under the last named section. This is a suit for the recovery of money, and it is expressly provided that in such actions justices shall not have jurisdiction of residents of other counties; and this is the general rule, it matters not whether an attachment be issued or not. Code, Secs. 2580, 2586. If this were an action to recover personal property, then *Craft v. Franks* might be applicable, notwithstanding the change made in the statute to which we have adverted. See, also, *Hamilton v. Millhouse*, p. 74, *ante*.

AFFIRMED.