KNOWLES v. PICKET.

1. **Jurisdiction**: JUSTICE OF THE PEACE: REPLEVIN. The jurisdiction of a justice of the peace, in actions of attachment and replevin, is not limited to the township in which either of the parties reside or the property is found, but is co-extensive with the county. ADAMS, J., *dissenting.*

*Appeal from Hardin Circuit Court.*

THURSDAY, SEPTEMBER 20.

ACTION of replevin commenced before a justice of the peace, where judgment was rendered for plaintiff. This judgment was affirmed in the Circuit Court upon certiorari and defendant appealed to this court. The facts of the case appear in the opinion.

*L. H. Evans* and *E. W. Eastman,* for appellant.

*W. A. Greer,* for appellee.

BECK, J.—The writ of replevin was issued and the cause was tried by a justice of the peace of a township in which neither of the parties resided, and wherein the property was at no time found. The petition does not allege that the property was in the township, nor does it show that there was no justice of the peace in the township where the property was found, or where defendant resides, or in the township of plaintiff's residence. The defendant insisted, both before the justice of the peace and the Circuit Court, that the justice had no jurisdiction in the case. The question is renewed here and is the only one in the cause. It involves the construction of the following sections of the Code:

"3507. The jurisdiction of justices of the peace, when not specially restricted, is co-extensive with their respective counties; *       *       *       *       *       *       *       *       *."

"3509. Suits may, in all cases, be brought in the township

where the plaintiff, or defendant, or one of several defendants, resides."

"3510.   They may also be brought in any other township of the same county, if actual service on one or more of the defendants is made in such township."

"3511.   Actions to recover personal property, and suits commenced by attachment, may be commenced in any county and township wherein any portion of the property is found, and justices shall have jurisdiction therein within the county."

These sections are copied *verbatim* from the Revision of 1860, except in 3511 the word "replevin" is superseded by the words "*recover personal property.*" The sections of the Revision were copied from the Code of 1851, except that section 3511, above quoted, does not contain the last clause as it appears in the Code of 1851, section 2265.   It is there found in these words: "Actions of replevin, and suits commenced by attachment, may be commenced in any county and township wherein any portion of the property is found."

Chapter 93 of Acts of the Fourth General Assembly, amending the Code of 1851, contains this provision:

"Sec. 2.   In actions in which writs of attachment or replevin shall be issued, justices of the peace shall have jurisdiction co-extensive with the county."

This provision was not intended to supersede or repeal section 2265 of the Code of 1851, which was left standing.   The compilers of the Revision of 1860, intending that the provisions of the Code and of the amendatory act just referred to should remain in force, united section 2265 of the first to section 2 of the last.   From these we have the reading of section 3853 of the Revision and 3511 of the Code of 1873.   Without rejecting any of the words of the section and by giving all of them proper force, which the rules of construction require, the provision plainly means: 1.   That the actions named may be commenced in any *county* and township where the property is found;   2.   That in these actions justices of the peace shall have jurisdiction within their counties.   By this construction we reject no word.   The occurrence of the word "township" is unnecessary to convey the thought of the provision, but pre-

sents no idea in conflict with the last clause of the sentence. The authority to commence a suit in a certain township is not in conflict with the idea of jurisdiction therein throughout the whole county. By holding that jurisdiction is limited to the township wherein the property is found, we would reject the last clause of the section extending it throughout the county. But we must give effect to all words of the statute.

It is argued that the word "therein," used in the last clause of the sentence, refers to actions brought in the township wherein the property is found. But this is not the grammatical construction of the language. It refers to actions of replevin and attachment, without regard to qualifying words.

The construction we approve gives jurisdiction to justices of the peace in actions of replevin and attachment throughout the county, without regard to the township of the residence of the parties or the township wherein the property is found. It was first adopted by the court in *Leversee v. Reynolds*, 13 Iowa, 310, and followed in *Riddle v. Allender et al.*, 14 Iowa, 410, and approved in *Craft v. Franks*, 34 Iowa, 504.

A different construction was approved in *Meunch v. Breitenbach*, 41 Iowa, 527. This case was presented to us without argument or citation of authorities by counsel, and the former decisions of this court upon the point were not brought to our attention in any manner. The point received no consideration in the light of the former cases, and, as will be observed by consulting the opinion, was not at all discussed. In view of the fact that the former decisions of this court are in harmony with reason and the rules of construction of statutes, we now follow them rather than the later case, which we now overrule. The judgment of the Circuit Court is

AFFIRMED.

SEEVERS, J.—I concur in the conclusion reached in the foregoing opinion on the last ground referred to therein. *Leversee v. Reynolds* was decided some years since. The construction then adopted must be presumed to have met the approval of the General Assembly and the profession. If that case had been cited I am satisfied it would have been followed in the

recent case in 41 Iowa, 527. A construction of such a statute, which for so many years has been the settled law of the State, should not be changed without some more overpowering reason than exists in this case.

ADAMS, J., *dissenting.*—I do not think that a suit in replevin can be commenced before a justice of the peace in a township where neither of the parties resides, nor the property nor defendant is found.

The provision of section 3511 of the Code, that the suit may be commenced in any "township wherein any portion of the property is found," to my mind imposes by implication a restriction just as certainly as if it were imposed directly. According to the majority opinion, the suit may be commenced in any "township wherein any portion of the property is found" or is not found. In other words it is thought that no restriction whatever is imposed in a replevin suit so far as the township is concerned.

The majority opinion eliminates the word *township* from section 3511, and, if that is a restrictive word, it eliminates a restriction. After having denied the restrictive character of the word township, the opinion says: "The occurrence of the word *township* is unnecessary to convey the thought of the provision." This would be true if we are at liberty to deny the restriction. The question then is, as to whether the word township is restrictive in the use there made of it. If it is, we cannot eliminate it, except upon the ground that the restriction is repugnant to a provision which follows, and that the latter provision must prevail.

As to the question whether the word township has a restrictive use, the idea, as I understand it, of the majority of the court is, that authority to commence a suit in a certain township is not a denial of authority to commence it elsewhere. In one sense this is true, but is it true within the meaning of the statute? I think not. It is in conflict with the rule that force must be given to every word if it can be done consistently. Besides, why should we construe the word township in section 3509 and in section 3510 as restrictive, and not in 3511? That

it is restrictive in the two former sections no one will deny. In one sense, it is true, the word in the latter section is not properly restrictive. It enlarges the restriction already imposed by the two former sections; but then it enlarges the restriction only *to a certain extent*, and for that reason it carries with it a restriction still.

I have two reasons for thinking that the view of the majority of the court is not tenable. One I have already alluded to, and that is, that we should not readily conclude that the use of the word township is senseless; and the other is, that I can see no reason for such a provision as section 3511 becomes if so construed.

If the provision is regarded simply as an enlargement of the restriction imposed by the two preceding sections, but as restrictive still, the reason for it is abundantly evident. But no good reason, I think, can be given why, in a replevin suit, the restriction which sections 3509 and 3510 would otherwise impose should by section 3511 be entirely withheld.

It is thought by the majority of the court that the use of the word township as restrictive is inconsistent with the provision that "justices shall have jurisdiction therein within the county." A question is raised in regard to the meaning of the word *therein*. To my mind it refers to actions commenced in the manner provided. In the view of the majority, it refers to actions in replevin and attachment in a general way. It is said that it is not in accordance with "the grammatical construction of the language" to construe the word *therein* as referring to actions commenced in a prescribed township. To my mind the grammatical construction affords no especial aid to either view. If the view which I entertain is not correct, it is because it is improper to say that an action in replevin can be brought only in certain townships, and at the same time that the justice has jurisdiction in actions of replevin throughout the county. I differ from the majority of the court in regard to the meaning of the word *jurisdiction* as here used.

The provision that an action in replevin shall be brought in a certain township does not prevent the justice from exercising jurisdiction therein throughout the county. A writ of re-

plevin or execution issued by him may run throughout the county. The action having been properly commenced his jurisdiction throughout the county is as complete as that of the district or circuit court.

The majority opinion is directly in conflict with *Meunch v. Breitenbach*, 41 Iowa, 527, the latest decision of this court construing the statute.

The case of *Leversee v. Reynolds*, 13 Iowa, 310, cannot be regarded as well considered, for the decision is put upon the ground that the construction adopted is necessary, in order to "give force to and preserve all the words of the statute," and yet it did not give force to and preserve all the words of the statue, as is now virtually admitted in the majority opinion; and the fact that it did not seems in *Leversee v. Reynolds* to have been entirely overlooked. The case of *Craft v. Franks* involved nothing which was decided in *Leversee v. Reynolds*. The case is cited to be sure, but it can hardly be said to be approved. I cannot regard the question as a doubtful one, but even if it were, I should consider the latest decision as the most authoritative.

Day, Ch. J., concurs with me in this dissent