## STATE *v.* W. TAYLOR.

### *Assault and Battery—Jurisdiction.*

The act of 1879, ch. 92, §§ 6, 11, does not render it necessary that a bill found by the grand jury of the superior court for an assault and battery should aver that a deadly weapon was used, that any serious

damage was done, that six months had elapsed before the finding of the bill, or that the offence was committed within one mile of the court during the session thereof. The defendant, under the plea of not guilty, may negative the existence of the juri-dictional facts.

(*State* v. *Moore* and *Hooper*, 82 N. C., 659 and 663; *State* v. *Watts*, 10 Ired., 369; *State* v. *Caudle*, 63 N. C., 30; *State* v. *Wise*, 66 N. C., 120, cited and approved.)

INDICTMENT for an Assault tried at Spring Term, 1880, of HERTFORD Superior Court, before *Graves, J.*

The bill was found at fall term, 1879, and on the trial the defendant was convicted and moved in arrest of judgment, for that, the indictment failed to allege that a deadly weapon was used, that any serious damage was done, that six months had elapsed from the commission of the offence to the finding of the bill, or that the offence was committed within one mile of the court during the session thereof, or any other fact which would give to the superior court jurisdiction. The judge refused the motion, pronounced judgment, and the defendant appealed. See Acts 1879, ch. 92, § 6, 11.

*Attorney-General,* for the State.
*Messrs. Pruden & Shaw,* for defendant.

SMITH, C. J. In *State* v. *Moore* and *State* v. *Hooper,* decided at the last term, it is held to be unnecessary in order to support the jurisdiction of the superior court in an indictment for an assault, an assault and battery, or an affray, to aver in the bill that the offence was committed more than six months previously and that meanwhile no justice of the peace had taken official cognizance of it; and that this matter of defence, like that arising under the statute of limitations, was available under the plea of not guilty. In one case the prosecution is defeated because it is begun too soon ; in the other, that it has been deferred too long. This case is however attempted to be distinguished on the ground that

the assault is alleged to have been made in the same month in which the bill was found, and the want of jurisdiction is apparent upon its face. But this furnishes no sufficient reason for arresting the judgment. The averment of the time when the act was done, unless essential to its criminality, is not traversable, and hence not determined by a general verdict of guilty. This is a well established rule in criminal trials, and its scope is greatly enlarged by statute. Bat. Rev., ch. 33, § 66; *State* v. *Watts*, 10 Ired., 369; *State* v. *Caudle*, 63 N. C., 30; *State* v. *Wise*, 66 N. C., 120.

There is no error. This will be certified to the end that judgment be pronounced on the verdict.

PER CURIAM.                                           No error.