STATE v. L. D. TAYLOR.

*Jurisdiction—Criminal Procedure—Nolle Prosequi.*

1. The ruling in *State* v. *Moore*, 82 N. C., 659, affirmed.

2. The court *intimate* that a count in an indictment in containing a charge which the court may be incompetent to try for want of jurisdiction, will not disable it from trying an offence charged in another count of which the court has jurisdiction.

3. A *nolle prosequi* as to one count in an indictment ought, in strictness, only to be entered before the jury are empaneled or after rendition of verdict against defendant; but if entered upon the conclusion of the evidence, the prosecution is deemed to have assented to a verdict of acquittal on that, and to have elected to proceed on the other counts.

4. *Held, further*, That where the jury find a defendant guilty on one count, and say nothing in their verdict concerning other counts, it will be equivalent to a verdict of acquittal as to them.

(*State* v. *Moore*, 82 N. C., 659; *State* v. *Taylor*, 83 N. C., 601; *State* v. *Thornton*, 13 Ired., 256, cited and approved.)

INDICTMENT for assault and battery tried at June Special Term, 1880, of WAKE Superior Court, before *Gudger, J.*

The defendant is charged in several counts of the indictment with an assault and battery upon Madison Hodge and using a deadly weapon, or inflicting serious injury upon his person in all, except the last count which alleges no aggravating circumstances. Previous to empaneling the jury, the defendant's counsel submitted a motion to quash which was denied. After the conclusion of the evidence, the solicitor was permitted to enter a *nolle prosequi* to the last count and to proceed on the others. The jury rendered a verdict of guilty. To these rulings the defendant excepted and appealed from the judgment.

*Attorney General*, for the State.
*Mr. T. M. Argo*, for the defendant.

SMITH, C. J. The motion to quash is sustained in the argument of defendant's counsel, upon the ground that a simple assault and battery under the act of 1879, ch. 92, is exclusively cognizable before a justice of the peace, and thus a conflict of jurisdiction arises, which is fatal to the prosecution. This position is at variance with the decision in *State* v. *Moore*, 82 N. C., 659; and in *State* v. *Taylor*, 83 N. C., 601, recognizing and approving it.

The act of 1879 contains provisions which we find it difficult to harmonize, and as the result of a careful examination and to give effect to the legislative will, we put upon the enactment what we deemed a fair and reasonable construction in the case first cited. It is there held that when the assault and battery are with intent to kill, or commit rape, or a deadly weapon has been used, or serious damage done, the offence is committed to the exclusive cognizance of the superior court; that the jurisdiction is concurrent with that of a justice of the peace in regard to the offences

specified in the eleventh section; and that "in framing bills of indictment for such offences, (those in that section) it is not necessary to aver that the offence was committed more than six months before the finding of the bill, and that no justice of the peace has taken official cognizance of it." The last count does not then disclose a case outside the jurisdiction of the court, although it might so appear upon the trial. But we do not concede, if it were otherwise, that the presence of a count containing a charge which the court may be incompetent to try for want of jurisdiction will disable the court from proceeding with the trial of an offence charged in a count of which it has jurisdiction, although they are parts of the same bill. We do not undertake, as it unnecessary, to decide the point.

The second exception is equally without support. As we understand the record, the effect of the entry was to withdraw the last count from the consideration of the jury, and have them to pass upon the others. Strictly, a *nolle prosequi* can only be entered by the prosecuting officer, before the jury are impaneled, or after the rendition of a verdict against the defendant. During the trial it can only be done with his consent. While then, in strictness, a *nol. pros.* could not be entered, and the count thus reserved for a future prosecution of the defendant, which is its effect when properly entered, (*State* v. *Thornton*, 13 Ired., 256,) the action of the solicitor must be deemed an election to proceed on the other counts and an assent to a verdict of acquittal on that. The same result follows the failure of the jury to pass upon the count on which a conviction is asked. For this, ample authority is found. "If the jury find the defendant guilty on one count," says Mr. WHARTON, "and say nothing in their verdict concerning other counts, it will be equivalent to a verdict of not guilty as to them." 1 Whar. Cr. L., § 421. This proposition rests upon numerous adjudications, to some few of which we propose to refer.

In *Werngopper* v. *State,* 7 Black., (Ind.) 186, the defendant was found guilty on four counts, and the jury did not pass on the first. With leave of the court a *nol. pros.* was entered as to this and judgment rendered on the verdict. It was held that the entry of a *nol. pros.* was a nullity, and that the failure to find on one of the counts was " equivalent to an express verdict of not guilty."

The same principle is declared with equal explicitness in *Morris* v. *State,* 8 S. and M., (Miss.) 762; *Stotz* v. *People,* 4 Scam., (Ill.) 168; *Guenther* v. *People,* 24 Smith, (N. Y.) 100; *Kish* v. *Commonwealth,* 9 Leigh, (Va.) 627; and in *State* v. *Phinney,* 42 Maine, 384.

In the last case the subject is discussed and the rule fully vindicated. Referring to the old doctrine that a failure to find on all the issues vitiated the verdict, the court proceed in these words: " The tendency of modern decisions however has been to relax the severity of the rule and sustain the verdict when the intention of the jury can be ascertained. What is the reasonable view to be drawn from this verdict? The people prefer two charges of criminal offences against the defendant. He is arraigned on them, and the question of his guilt submitted to the jury for their determination. They hear the testimony adduced to substantiate both charges and find affirmatively that he is guilty of one. Is not the inference inevitable that the prosecution failed to establish his guilt on the other charge, and therefore the jury find negatively on it? We are of the opinion that the verdict should be regarded as an acquittal of the defendant on the second count. If such be the effect of the verdict, he certainly has no right to complain. He can never again be put on trial for the same offence."

In the case reported in 9 Leigh, 627, the general court say that a verdict of acquittal should be entered. Concurring in these views we pursue the subject no further.

There is no error.   This will be certified, that judgment may be entered on the verdict.

PER CURIAM.                                No error.