## STATE v. CLARKE and HERMON.

*Misdemeanor under Revenue Act—Jurisdiction—Penalty.*

One who fails to obtain license to carry on a trade, &c., is guilty of a misdemeanor under section 32, schedule B, of the revenue act of 1879, punishable by fine not exceeding twenty dollars, or imprisonment not exceeding thirty days; and a penalty not to exceed twenty dollars is also imposed, to be recovered by the sheriff before a justice of the peace. And in such case the superior court has jurisdiction of the misdemeanor under the act of 1881, ch. 210, (see *State* v. *Reaves, ante,* 553,) but the punishment must not be greater than that prescribed by said section 32.

(*State* v. *Moore*, 82 N. C., 659; *State* v. *Taylor*, 83 N. C., 601, cited and approved.)

INDICTMENT for a misdemeanor, tried at Spring Term, 1881, of UNION Superior Court, before *Eure, J.*

This indictment was found by the grand jury of the superior court of Union county at spring term, 1881, for a violation of section 32 of schedule B, of the act of 1879, ch. 70.

The bill of indictment contained four counts:

The first charged that the defendants, Louise Clarke and Harry Hermon, on the 5th day of March, 1881, unlawfully and wilfully did practice the profession of elocutionists without having first paid the tax, and without having obtained the license required by law.

The second count was for exhibiting as elocutionists without having obtained the license so to do.

The third charged that they exhibited as elocutionists for reward, the said exhibition not having been given for the promotion of religious, educational or charitable objects, and for which exhibition the said defendants were liable to pay a tax of five dollars and obtain a license.

The fourth charged that defendants, without having first paid a tax of five dollars and without having obtained a license from the sheriff, did exhibit for reward as elocutionists, &c.

When the case was called for trial, the defendants' counsel moved to quash the bill of indictment for want of jurisdiction. The motion was sustained by the court and the solicitor appealed.

*Attorney General,* for the State.
*Mr. A. W. Haywood,* for defendants.

ASHE, J. The offence charged in the indictment is for a violation of the act of 1879, ch. 70, § 32. The section reads as follows: "Every person who shall practice any trade or profession, or use any franchise taxed by the laws of the state

of North Carolina, without having first paid the tax and obtained a license as herein required, shall be deemed guilty of a misdemeanor, and shall also forfeit and pay to the state a penalty not to exceed twenty dollars at the discretion of the court, and in default of the payment of such fines, he may be imprisoned for not more than thirty days, at the discretion of the court, for every day on which he shall practice such trade or profession, or use such franchise, except in such cases where the penalty is specially provided in this act, which penalty the sheriff of the county in which it has occurred shall cause to be recovered before any justice of the peace of the county."

The section is very obscurely expressed, and it is difficult to arrive at the intention of the legislature. It is laid down in Dwarris on Statutes, as a maxim of construction, that ' the office of interpretation is to bring the sense out of the words, and not to bring a sense into them." We have met considerable difficulty in this case in doing either, but after a careful consideration of the provisions of the section and by the application of the established rules of interpretation, we think it was the intention of the law-makers to make a violation of the provisions of the section a misdemeanor punishable by a fine, not to exceed twenty dollars, or an imprisonment not to exceed thirty days; and in addition to that, to impose a penalty, not to exceed twenty dollars for every day the trade or profession shall be practiced, or the franchise used, which are prohibited by law, to be recovered in an action by the sheriff before a justice of the peace. This construction makes the provisions of the section harmonious, and *brings some sense out of its words*. Any other construction would lead to an absurdity, without rejecting some parts of the section as surplusage; as for example, if it should be so construed as to make a violation of the provisions of the statute a misdemeanor, and leave the punishment in the discretion of the court, then the pun-

ishment of the fine and imprisonment would apply to the action before the justice for the penalty; but it would be absurd to hold that a justice of the peace could pronounce a judgment of imprisonment in an action for a penalty, for imprisonment for debt in this state is abolished, except in cases of fraud. Such a construction then would make it necessary to reject as surplusage the provision in regard to the imprisonment.

But "in the construction of a statute, every part of it must be viewed in connection with the whole, so as to make all its parts harmonious, if practicable, and give a sensible and intelligent effect to each. It is not to be presumed that the legislature intended any part of a statute to be without meaning." Potter's Dwarris on Statutes, 144. And "words in a statute are never to be construed as unmeaning and surplusage, if a construction can be legitimately found which will give force to and preserve all the words in the act." —— v. *Reynolds,* 13 Iowa, 310; *Hartford Bridge Co.* v. *Union Ferry,* 29 Conn., 210. The provision in the section with regard to the imprisonment then, can only be preserved by referring it to the misdemeanor, and then it must follow, that as the imprisonment cannot exceed thirty days, the offence created by the statute is cognizable before a justice of the peace.

But for aught that appears, the superior court may have jurisdiction of this particular case. The act of 1879, ch. 92, § 11, is so amended by the act of 1881, ch. 210, as to give jurisdiction to the superior courts of all offences whereof exclusive original jurisdiction has been given to justices of the peace, if some justice of the peace shall not, within six months after the commission of the offence, have proceeded to take official cognizance of the same. And it has been decided in the case of *State* v. *Moore,* 82 N. C., 659, that in indictments for an affray, it was not necessary to aver in the bill of indictment that the offence was com-

mitted more than six months before the finding of the bill, and that no justice of the peace had taken official cognizance thereof; and in *State* v. *Taylor*, 83 N. C., 601, it is held that the time charged in the bill to have been within six months before indictment found, furnishes no sufficient reason for arresting the judgment, for the averment of the time when the act was done, unless essential to its criminality, is not traversable. Here, it is charged in the bill that the offence was committed on the 5th day of March, 1881, but as that is matter lying in proof, there is no way to ascertain the fact, but by a trial before the jury. It was matter of defence to be proved under the plea of not guilty. If no such proof shall be made in this case, the superior court may proceed to trial and judgment.

But it is urged that the act 1881 is an *ex post facto* law. It is not so. The legislature has absolute control over the remedies. It may abolish courts and create new ones, and may after the commission of the offence authorize a change of the venue to another county of the district. Cooley Const. Lim., 331 ; 9 Wall., 35.

The act of 1881 would very clearly be unconstitutional, if the superior court was authorized to impose a greater punishment than that prescribed in section 32 of the act of 1879, but the superior court is restricted to the same limit of punishment.

We are of the opinion the indictment ought not to have been quashed, but that the superior court should have been allowed to proceed to trial, when the question of jurisdiction would have been determined by the evidence offered in the defence.

There is error. Let this be certified to the superior court of Union county that further proceedings may be had according to law.

Error.                                                    Reversed.