## F. J. DAY, Appellant, v. C. G. GREENWOOD.

**Superior Court:** CHANGE OF VENUE. Under McClain's Code, section 772, making the superior court a court of record and applying to it all statutes in force respecting the venue of the district court, and McClain's Code, section 3794, providing that where suit is brought in the wrong county, a change of venue to the proper county shall be ordered, if the defendant before answer demands the same, a resident of Mills county sued in the superior court of Council Bluffs by a resident of that city, on service made in the city, may have the venue changed to the district court of the county of his residence.

*Appeal from Council Bluffs Superior Court.*—HON. J. E. F. McGEE, Judge.

FRIDAY, OCTOBER 25, 1895.

*Flickinger Bros.* for appellant.

*Finley Burke* for appellee.

Kinne, J.—This action, on an account, was begun in the superior court of the city of Council Bluffs, in Pottawattamie county. The defendant, having been served with process in Council Bluffs, appeared and filed a motion to transfer the cause to Mills county; making a proper showing that he was a resident of the latter county, and that he had expended thirty-eight dollars and fifty cents for attorney's fees and expenses in attending at the wrong county. Subsequently the motion and showing were amended by claiming an additional amount, in the sum of forty

dollars as attorney's fees. Plaintiff, in resistance, denied the authority or jurisdiction of the court to change the place of trial from said superior court to the district court of Mills county, and also claimed that the sum claimed as expenses and fees was unreasonable. After this, plaintiff dismissed his action. Upon the cause coming on for hearing as to the compensation to be allowed defendant's attorney, the court found that defendant was a resident of Mills county, that the case was brought in the wrong county, and that defendant had been put to the expense of employing attorneys to file his motion for removal, and to submit the same, and rendered a judgment against the plaintiff and in favor of the defendant, for twenty-five dollars, for the expense and trouble of defendant. The cause involves less than one hundred dollars, and is certified to this court.

The question for our determination is thus stated: "Where the plaintiff is an actual resident of Pottawattamie county, Iowa, and sues an actual resident of Mills county, Iowa, on a personal account for services, in the superior court of the city of Council Bluffs, service being made on such defendant in Pottawattamie county, Iowa, has such superior court of the city of Council Bluffs, upon the appearance of the defendant, and motion to transfer to the district court of Mills county, Iowa,—the county of his residence,— jurisdiction to order such transfer, and to charge up against the plaintiff attorney's fees, and the cost of attendance in such superior court, as provided by section 3794, McClain's Code?" The question presented involves the power of the superior court, where suit is begun in the wrong county, to—upon a proper motion and showing—change the place of trial to the district court of the county in which the defendant resides. Its determination demands a brief consideration of several sections of the Code. In the chapter creating

superior courts, and providing as to their juridiction, officers, procedure, etc., it is provided, "Changes of venue may be had from said court in all civil actions to the district court of the county, in the same man- ner, for like causes and with the same effect as the venue is changed from the district court as now or hereafter may be provided by law." McClain's Code, section 770. It is also further provided in said chap- ter, "The superior court shall be a court of record, and all statutes in force respecting venue and commence- ment of actions, the jurisdiction, process, and practice of the district court   *   *   *   and the allowance and taking of costs   *   *   *   shall be deemed applicable to the superior court, except wherein the same may be inconsistent with the provisions of this act." Id. sec- tion 772. In the chapter in the Code of Civil Practice in relation to the place of bringing suit is found the following section: "If a suit be brought in a wrong county, it may there be prosecuted to a termination, unless the defendant, before answer, demand a change of place of trial to the proper county. In which case the court shall order the same at the costs of the plaintiff, and may award the defendant reasonable compensation for his trouble and expense in attending at the wrong county." Id. section 3794. It is con- tended that the above section is not applicable to superior courts, and the cases of *Post v. Brownell*, 36 Iowa, 497, and *Meunch v. Brittenbach*, 41 Iowa, 527, are relied upon. In those cases it is held that said section is not applicable to justice courts. We dis- cover no reason why the section should not apply to a superior court. The latter is a court of record, by statute. As we have seen, the practice in superior courts in respect to venue and commencement of actions is to be the same as in the district court. McClain's Code, section 772. Section 770 makes provision for

changes of venue from the superior court to the district court of the county in the same manner, and for like causes, and with the same effect as when the venue is changed from the district court. The original act providing for the establishment of superior courts was enacted in 1876 as chapter 143, Acts Sixteenth General Assembly. In said chapter it was provided that "changes of venue may be had from said court in all civil actions to the circuit court in the same manner, for like causes, and with the same effect, as the venue is now changed from the circuit court as provided by law," etc. This act was amended by the Nineteenth General Assembly, and made to read as follows: "Changes of venue may be had from said court in all civil actions to the circuit court, and in all criminal actions to the district court, in the same manner, for like causes, and with the same effect, as the venue is changed from the circuit court, as now or hereafter provided by law, unless it shall then appear upon the showing of either party that objection exists as to the circuit judge, in which latter case the change shall be made to the district court." Acts Nineteenth General Assembly, chapter 24, section 4. This legislation was enacted while the circuit court was in existence. Afterwards the circuit court was abolished, and the Twenty-second General Assembly enacted the present section, heretofore quoted. It will be observed that under the existing law a change of venue may be had from the superior to the district court of the same county "for like causes" as the venue may be changed from the district court. By referring to section 3795 of McClain's Code, we find these like causes set forth. They are, in brief: (1) When the county is a party; (2) when the judge is interested; (3) when there is prejudice on part of people, or undue influence by the party or his attorney; (4) by agreement of parties; (5) when a jury cannot be obtained in the county. None

of these grounds apply in a case like that at bar. It follows that there existed no authority to change the venue in this case to the district court of Pottawattamie county, and, had such a change been granted, it would have been error. We must, then, look elsewhere for the remedy of one who is sued in a superior court outside the county of his residence. Section 3794 of McClain's Code, already referred to, provides the remedy in such cases. By section 772 of the same Code, section 3794 is made applicable to superior courts. There is no conflict between section 770 and 772 of McClain's Code. Section 770 only applies in cases where there is some disability of the superior court which does not exist as to the district court of the same county; as prejudice of the superior court judge, or inability to obtain an impartial jury in the city, and the like. In a case like that at bar,—a suit brought in the wrong county—section 772 governs. Any other construction of these statutes would give a defendant sued in the superior court in the wrong county no right to change the venue of the cause to the proper county, while, if the same defendant had been sued in the district court of the wrong county, he might, by proper proceedings, change the venue to the county of his residence. Such a distinction would be without reason. The provisions of the law are plain, and in all cases where one is sued in a superior court, not in the county of his residence, he may have the venue changed by said court to the district court of the county of his residence, by proper proceedings, as was done in this case. There was no error in the rulings of the superior court.—*Affirmed.*