STATE v. TUCKER.

(November 20, 1900.)

*Indictment—Variance—Allegation and Proof—Evidence—Intoxicating Liquors—Criminal Law.*

Where an indictment charges a sale of intoxicating liquors to Will Smith, it is incumbent on the State to prove a sale to *him.*

INDICTMENT against John Tucker for selling intoxicating liquors without license, heard by Judge *Thomas J. Shaw* and a jury, at April Term, 1900, of CABARRUS Superior Court. On the back of the indictment was the following endorsement:

Witnesses—Will Smith, J. F. Harris, Jno. Cruse, Will Propst.

From verdict of guilty and judgment, the defendant appealed.

*Zeb. V. Walser,* Attorney-General, for the State.
*Montgomery & Crowell,* for the defendant.

FAIRCLOTH, C. J.   The defendant stands indicted for selling unlawfully and wilfully "to one Will Smith a quantity of spirituous liquors by the measure of a gallon," etc., without license so to sell spirituous liquors.   The "case" sent to this Court states that the State's evidence was that the defendant came to town with about four gallons of whiskey, and that "he sold one of the witnesses for the State a gallon" at the price, etc., and offered the remainder for sale to "said witness, or to any other person."   The defendant asked the Court to charge that there was no evidence to go to the jury for the conviction of the defendant, which was refused.   The Court instructed the jury that, if they believed the evidence, to render a verdict of guilty.   There was error.   There is no evidence that defendant sold liquor to Will Smith, as alleged in the bill of indictment, "but to one of the witnesses for the State," and there were the names of four witnesses indorsed on the bill.   The defendant's plea was not guilty.   As the State alleged a sale to Will Smith, it was incumbent on the State to prove a sale to Will Smith.   Defendant also moved in arrest, because the State failed to prove a sale to anyone within the statutory limit.   *State v. Carpenter,* 74 N. C., 230.

*Venire de novo.*