STATE v. THOMAS BRINKLEY, JR.

(Filed 18 May, 1927.)

1. **Criminal Law—Admissions—Prostitution—Courts—Findings of Fact —Judgment—Statutes.**

    Where the general plea of guilty is made by the defendant charged with the offense of prostitution, and accepted by the court, the submission is sufficiently broad to cover the two degrees set out in the statute, C. S., 4361, 4362.

2. **Same—Limitation of Actions.**

    Where the defendant upon trial for prostitution submits the plea of guilty without reservation, which is accepted by the court, he may not maintain the position that the punishment for the offense was barred by the statute of limitation of actions, as the time and place of its commission are not necessary to constitute the offense.

3. **Same—Pleas.**

    For a person charged with the commission of a criminal offense to avail himself of the alleged running of the statute of limitations, he must either specifically plead it or in apt time bring it to the attention of the court.

4. **Same—Indictment.**

    A defendant sentenced for the crime of prostitution upon his own admission of guilt, may not successfully resist a sentence therefor upon the ground that the offense charged in the indictment did not come within the period of time prescribed by the statute.

APPEAL by defendant from *Stack, J.,* at October Term, 1926, of CABARRUS. No error.

The defendant was indicted for seduction under C. S., 4339, and tendered a general plea of guilty of prostitution, which was accepted by the State. The judge then heard the testimony of several witnesses and found as a fact that the defendant was guilty of prostitution in the first

degree. It was thereupon adjudged that the defendant be imprisoned and assigned to work on the public roads of Cabarrus County for a term of eighteen months, and he excepted and appealed.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Caldwell & Caldwell and Hartsell & Hartsell for defendant.*

ADAMS, J. The appeal presents three contentions: (1) That the judge had no right to determine from the testimony of witnesses that the defendant was guilty of prostitution in the first degree; (2) that the prosecution is barred by the statute of limitations; (3) that the judgment should be arrested.

The crime of prostitution is divided into two degrees and the punishment for each is prescribed by statute. C. S., 4361, 4362. For the first degree the offender shall be subject to imprisonment for not less than one nor more than three years, and for the second to imprisonment for not more than one year. When the degree of guilt has been properly ascertained the judge doubtless has the right to hear testimony for the purpose of fixing the term of imprisonment within the limits of the statute; but this right does not extend to or include the finding by the judge of the degree of the offender's guilt. Whether the determination of the degree is the province of the judge or that of the jury is a question we need not now discuss; for the defendant's general submission, without pointing out or specifying the degree of his guilt, is sufficiently comprehensive to include the first degree. *S. v. Barnes,* 122 N. C., 1031; *S. v. Lee,* 192 N. C., 225.

The second point made by the defendant is without merit. In *S. v. Carpenter,* 74 N. C., 230, it is said: "We believe a practice has grown up under which the State does not usually, in the trial of misdemeanors, prove in the first instance venue, time, etc., unless some point be made thereon." The Court announced in *S. v. Holder,* 133 N. C., 710, that if the statute of limitations is relied on it should be brought to the attention of the judge, and in *S. v. Francis,* 157 N. C., 612, that if the State fail to prove that a misdemeanor was committed within two years the defendant should take advantage of the failure by a request for instruction. That the prosecution is barred is shown under the general plea, and if it is barred the defendant is held to be not guilty. *S. v. Moore,* 82 N. C., 660, 662; *S. v. Berry,* 83 N. C., 604; *S. v. Clarke,* 85 N. C., 555, 559; *S. v. Jones,* 101 N. C., 719; *S. v. Frisbee,* 142 N. C., 671. But in the case under consideration the defendant expressly pleaded his guilt and the State accepted his plea, which was equivalent to a conviction. *S. v. Branner,* 149 N. C., 559; C. S., 4610. Admitting his guilt, he says that he is not guilty because the offense

with which he is charged is "out of date." *Allegans contraria non est audiendus*—one alleging things that are contradictory is not to be heard.

As ground for arresting the judgment the defendant says that the time specified in the bill of indictment was not within the period limited by the statute (C. S., 4512), and that for this reason the prosecution cannot be maintained. The position is untenable. Time is not of the essence of the offense charged, but is a matter of proof, and "averment of the time when the act was done, unless essential to its criminality, is not traversable." *S. v. Taylor,* 83 N. C., 601; *S. v. Clarke, supra.* Besides this, the defendant, as we have said, admitted his guilt of prostitution and the words "under the bill of indictment" do not modify the effect of his admission. We find

No error.